## THE PEOPLE v. THOMAS MAGUIRE.

COMPLAINT FOR MISDEMEANOR.—In a complaint for a misdemeanor created by statute, it is only necessary under our system of pleading in stating the offense to follow, as near as may be, the language of the statute.

COMPLAINT FOR GETTING UP A THEATRE.—A complaint which charges that the defendant " did wilfully and unlawfully on the first day of the week, commonly called Sunday, to wit: on the Sabbath day, get up, and in getting up and opening of a theater," contains a sufficient statement of the facts constituting the offense of getting up a theater on the Sabbath day.

APPEAL TO COUNTY COURT IN CRIMINAL CASES.—On an appeal from a magistrate's Court or the Police Court of the City and County of San Francisco to the County Court, in criminal cases, a statement is unnecessary if the pleadings and docket of the magistrate show the error relied on.

APPEAL FROM POLICE COURT OF SAN FRANCISCO.—An appeal from a judgment of the Police Judge's Court of the City of San Francisco to the County Court can only be heard by a trial *de novo* in the County Court.

APPEAL from the County Court of San Francisco.

The following are the records of the Police Judge's Court:

"*Tuesday*, June 21, 1864.

"STATE OF CALIFORNIA,　　　　}
City and County of San Francisco.

"POLICE JUDGE'S COURT.

"Present, presiding, his Honor P. W. Shepheard.

"*The People*　　　　}
　　v.
*Thomas Maguire.*

"The defendant arrested charged with misdemeanor by violation of the Sunday Law, and on motion of defense, the Court orders that the case be continued until Wednesday, June 22, 1864.

"*Wednesday*, June 22, 1864.

"Case being called, defendant demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, and the Court sustains the demurrer, and orders that the case be dismissed, and defendant discharged.

"I hereby certify that the above is a true copy of the records of the Police Judge's Court in the above entitled cause.

"JOHN H. TITCOMB, Clerk."

No statement was made by the appellant on appeal, but the same was taken by serving the following notice:

"CITY AND COUNTY OF SAN FRANCISCO,　}
　　　　State of California.

"*The People of the State of California*　}
　　　　against
*Thomas Maguire.*

"To J. H. Titcomb, Esq., Clerk of the Police Judge's Court of said City and County:

"SIR:—You will please take notice that the People of the

State of California, the plaintiff in the above entitled action, hereby appeals from the judgment therein made in said Court, on the twenty-second day of June, A. D. 1864, in favor of said defendant, Thomas Maguire, and against said plaintiff, and from the whole thereof, and from all orders, and the judgment made therein, on said day before mentioned ; and also from the order and judgment therein made on said day, sustaining the plea and demurrer therein, and dismissing the above entitled action, and discharging the defendant, Maguire. This appeal is taken on questions of law alone, in the above entitled action. A. J. Hoyt is the complaining witness, who swore to the complaint in said action, and the crime or offense charged and alleged to have been committed at Pine street, in said city and county, etc.

"Dated, San Francisco, June 24th, 1864.

"DAVIS LOUDERBACK,

"Assistant District Attorney."

The other facts are stated in the opinion of the Court.

*Carpentier*, and *Byrne & Freelon*, for Petitioner.

The offense not being *malum in se*, everything necessary to bring the defendant not only within the letter but also within the spirit of the statute must be averred and proven. (3 McCord, 533 ; Wharton on Cr. Law, 168–70—note of Judge Kane on page 168.)

A complaint upon a statute must state all the facts and circumstances which constitute the statute offense, so as to bring the accused perfectly within the provisions and objects of the statute. (*Commonwealth* v. *Collins*, 2 Cush. 556 ; *Commonwealth* v. *Slack*, 19 Pick. 304 ; *Commonwealth* v. *Thurlow*, 24 Pick. 374 ; *People* v. *Taylor*, 3 Denio, 91 ; *People* v. *Allen*, 5 Denio, 76 ; *People* v. *Wilber*, 4 Parker Ch. R. 19 ; *People* v. *Miller*, 5 Barber, 203 ; *Divine* v. *The State*, 4 Porter, 240.)

*J. G. McCullough, Attorney-General,* for the People.

The complaint is not to be construed as rigidly as an indictment. (1 Wharton's Crim. Law, §1,036.)

This statute (Laws of 1855, p. 50) does not simply define or alter the punishment of a common law offense. It creates a new statutory offense, and it is sufficient, even in an indictment in such cases, to describe the crime in the words of the statute. (*People* v. *Parsons*, 6 Cal. 487 ; *People* v. *Saviers*, 14 Cal. 29 ; *People* v. *Beatty*, 14 Cal. 572 ; *People* v. *Garcia*, 25 Cal. 531 ; *State* v. *Raines*, 3 McCord, S. C. *542 ; *People* v. *Taylor*, 3 Denio, 93 ; 1 Wharton's Am. Crim. Law, §364.)

In most of the cases referred to by petitioner there were exceptions to the general words of the statute, and the Court held the purpose must be alleged. Here the " getting up" is alleged to have been " unlawful and wilful," which negatives any such thing as an innocent opening of the theater.


By the Court, SANDERSON, C. J.

This case has been brought up for review by certiorari from the County Court of the City and County of San Francisco. It appears from the return that the defendant was arrested under a warrant issued by the Police Judge of the City and County of San Francisco, upon a complaint charging him with a violation of the Act entitled "An Act to prohibit barbarous and noisy amusements on the Christian Sabbath." (Statutes of 1855, p. 50.) On his arraignment in the Police Judge's Court, he demurred to the complaint on the ground that it did not state facts sufficient to constitute a criminal offense. The demurrer was sustained and a judgment dismissing the case was entered. Thereafter the District Attorney appealed to the County Court. Upon the hearing, the County Court reversed the judgment and directed the case to be tried in that Court. Thereupon the defendant again demurred to the complaint upon the ground already stated, and upon the further grounds that two distinct offenses were improperly united, and that the County Court had no jurisdiction to try the case, but must remand it for trial to the Police Judge's

Court. The demurrer was overruled and the defendant was subsequently tried and convicted.

The second section of the Act under which this prosecution was instituted provides that "Any person who shall get up, or aid in getting up, or opening of any bull, bear, cock or prize fight, horse race, circus, theatre, bowling alley, gambling house, room or saloon, or any place of barbarous or noisy amusements on the Sabbath, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished by fine not less than fifty nor more than five hundred dollars."

The complaint reads as follows :

"*State of California, City and County of San Francisco ; Police Judge's Court :*

"Personally appeared before me this 20th day of June, 1864, A. J. Hoyt, who deposes and says, that on the 19th day of June, 1864, at Pine street, in said city and county, the crime of misdemeanor was committed, to wit : by Thomas Maguire, who then and there did wilfully and unlawfully, on the first day of the week, commonly called Sunday, to wit : on the Sabbath day, get up, and in getting up and opening of a theatre there, all of which is contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California ; and said deponent accuses Thomas Maguire of having committed said crime, and prays that a warrant may be issued for the arrest of said Thomas Maguire, and that he may be brought before a magistrate and dealt with according to law."

That the foregoing complaint is inartificial and ungrammatical cannot be denied ; but in our judgment it contains, in substance, a sufficient statement of the facts constituting the offense intended to be charged. It substantially charges the defendant with getting up a theatre on the Sabbath day, at the time and place stated, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California. This is one

of the offenses created by the Act in question, and the foregoing is a sufficient statement of the facts constituting it. The statute enumerates several things which, being done upon the Sabbath day, shall be deemed a misdemeanor. to wit: bull fight, bear fight, cock fight, prize fight, horse race, circus, theatre, bowling alley, gambling house, gambling room, gambling saloon, and in addition thereto, any place of amusements which in their character are either noisy or barbarous. Every person who gets up either of these amusements on the Sabbath day, or aids in so doing, is declared guilty of a misdemeanor. In stating the facts constituting either of these offenses, it is only necessary, under our system of criminal pleading, to follow as near as may be the language of the statute. (Wood's Digest, p. 318, Sec. 608.) For example: "State of California, County of ——. Now comes A. B., who being duly sworn, deposes and says, that heretofore, to wit, on the —— day of ——, 186—, the same being Sabbath day, at the county aforesaid, one C. D. did get up (or did aid in getting up, as the case may be), a horse race (or circus, or theatre, as the case may be), contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of California." All beyond the foregoing is matter of evidence, and' need not be averred in the complaint.

There is nothing in the point that the County Court could not entertain the appeal except upon a statement prepared as provided in section 3, page 218, of the statutes of 1858. Assuming that sections two, three, four and five of that Act are applicable to appeals from the Police Judge's Court of the City of San Francisco, there is no necessity for a statement where the record discloses the error relied on by the appellant. The section in question does not apply to cases where the rulings of the Court, alleged to be erroneous, appear upon the face of the judgment roll. Where the errors do not appear upon the face of the judgment roll a statement is made necessary because the errors can in no other way, except by a trial *de novo*, be brought to the notice of the appellate

Court. But it seems by the provision contained in the sixth section that sections two, three, four and five are not applicable to appeals from the Police Judge's Court of San Francisco. Why this distinction was made is not readily perceived, but such is the express language of section six, and it follows therefrom that appeals from that Court to the County Court are left to be regulated by the law as it stood prior to the passage of that Act. By section twenty of the Consolidation Act of the City and County of San Francisco it is provided that "proceedings in the Police Judge's Court shall be conducted in conformity with the laws regulating proceedings in Recorders' Courts." Those laws are found in Wood's Digest at page three hundred and eighteen, commencing with section six hundred and eight and ending with section six hundred and forty-one. We there find no provision for a bill of exceptions or statement of the case for the purposes of a trial in the appellate Court. An appeal to the County Court being given by section four hundred and eighty-one, as amended in 1858, and no special method being prescribed for getting up and trying the appeal, it necessarily follows that the appeal can only be heard by and through a trial *de novo* in the appellate Court.

There has been no excess of jurisdiction on the part of the County Court, and the writ must be dismissed, and it is so ordered.

Mr. Justice RHODES expressed no opinion.