## J. D. MORLEY v. A. ELKINS, COUNTY JUDGE OF STANISLAUS COUNTY.

APPEAL IN CERTIORARI CASE.—Appeals to this Court may be taken in cases of *certiorari*.

STATEMENT ON APPEAL IN CRIMINAL CASE.—In a criminal case, wherever the alleged error appears upon the face of the complaint, or in the record of the Justice, or upon the face of the proceedings before the Justice, a statement is unnecessary on an appeal to the County Court.

CERTIORARI TO COUNTY COURT.—If the County Court erroneously refuses to hear an appeal in a criminal case because no statement was made, it is error within the jurisdiction of the County Court, for which no relief can be had by *certiorari*.

IDEM.—When the defendant appeals in a criminal case, the County Court has no

jurisdiction to inquire into errors committed to the prejudice of the people who have not appealed, and if it does so, *certiorari* lies to correct the error.

APPEAL from the District Court, Fifth Judicial District, Stanislaus County.

The facts are stated in the opinion of the Court.

*W. S. Montgomery*, and *A. Hewel*, for Appellant.

Where the transcript of the Justice contains the rulings of the Court in a criminal case, with the exceptions taken thereto, certified by him to be correct, it presents a sufficient statement of the case on appeal. (*People* v. *Maguire*, 26 Cal. 640.)

*Thomas Caldwell, District Attorney*, for Respondent.

In a criminal case on appeal to the County Court from the judgment of a Justice's Court, there should be a statement settled by the Justice who tried the case, embodying the evidence and such rulings of the Court as are excepted to by the appellant. (Stats. 1858, pp. 217, 218, Sec. 3.)   The District Court has concurrent jurisdiction with this Court to review the proceedings of inferior tribunals on writs of *certiorari*, and the District Court having passed upon this case, its judgment is final. (*Perry* v. *Ames*, 26 Cal. 372; *Anthony* v. *Dunlap*, 8 Cal. 26.)

*A. Schell*, and *J. H. Budd*, also for Respondent.

The powers of the District Courts to issue and hear writs of *certiorari* are co-extensive or concurrent with the powers of the Supreme Court. (*Tyler* v. *Houghton*, 25 Cal. 28; *Perry* v. *Ames*, 26 Cal. 384.)   And the Supreme Court will not review on appeal the judgment rendered upon the hearing of such writ by the District Court.   The law might, perhaps, have been held otherwise under the old Constitution.   Under that the Supreme Court had no original jurisdiction in cases of *certiorari*, but the amended Constitution enlarged the powers

of that Court, and gave it original jurisdiction to issue and hear writs of *certiorari.* (*Tyler* v. *Houghton,* 25 Cal. 28.

By the Court, SANDERSON, J

The appellant was convicted before a Justice of the Peace of a misdemeanor, alleged to have been committed by him in obstructing a highway, and was fined fifty dollars and costs of the prosecution. No costs were taxed, however, nor was any sum specified as costs in the judgment. From this judgment he appealed to the County Court, upon questions of both law and fact. For the purposes of the appeal, however, he prepared no statement embodying the evidence and such rulings of the Court as had been excepted to by him; on the contrary, he furnished no papers, except the docket of the Justice. In consequence of his failure to furnish a statement, the County Court, upon the motion of the District Attorney, first dismissed the appeal, with costs; and then, upon the further motion of the District Attorney, modified the judgment of the Court below by directing the Court to tax the costs of the trial below, and include them, together with the costs of the appeal, in the judgment. The appellant then applied to the District Court for a writ of *certiorari* to review the judgment of the County Court. The writ was granted, and at the hearing the District Court affirmed the judgment of the County Court. The case has been brought here by appeal from the judgment of the District Court.

The respondent makes the point that no appeal lies from the judgment of the District Court to this Court in cases of *certiorari.* The point is answered by the four hundred and sixty-fifth section of the Practice Act, which provides: "If the proceeding be had in any other than the Supreme Court, an appeal may be taken from the judgment in the same manner and upon the same terms as from a judgment in a civil action;" and, also, by the case of *Winter* v. *Fitzpatrick,* 35 Cal. 269.

The statute in relation to appeals to the County Court in criminal cases, provides that "the appeal * * * shall be heard upon a statement of the case, settled by the Justice * * * , embracing the evidence, and such rulings of the Court as are excepted to." (Stats. 1858, p. 218, Sec. 3.)

If the County Court, as it seems to have done, considered that no appeal can be heard unless accompanied by the statement for which the statute provides, it was in error. The statute must receive a sensible construction. There may be cases in which no statement is needed for the purposes of the appeal. Suppose a Justice of the Peace should sentence a defendant to the State Prison for petit larceny or assault and battery, or should try him without a jury, notwithstanding one was demanded, and it so appeared by his docket, what need would there be for a statement in order to get these questions before the County Court? Or suppose the defendant should demur to the complaint upon the ground that the facts stated do not constitute a public offense, and the Justice should sustain the objection, and the People should appeal, what occasion would there be for a statement? The statute must be understood as requiring a statement only where the record fails to disclose the error upon which the appellant relies. We have so held expressly in *People* v. *Maguire*, 26 Cal. 640.

The appellant claims that no statement was needed in this case, for the reason that the errors upon which he relied appeared upon the face of the record. If so, the Court erred in not giving him hearing; but it was error within, and not an excess of jurisdiction for which relief can be had by *certiorari*. (*People* v. *Burney*, 29 Cal. 459.)

It is a little surprising, however, that, after holding that the appeal could not be heard for the want of a statement, the Court should proceed to hear and determine errors on the part of the People, who had not appealed at all. As to errors which the Justice may have committed to the preju-

dice of the People, the County Court had no jurisdiction to inquire, for the People had not appealed. Having come to the conclusion that the appellant was not entitled to be heard, the Court should have dismissed the appeal, or affirmed the judgment of the Justice, which two modes are, in legal effect, the same. In adding to the judgment of the Justice the County Court exceeded its jurisdiction, and so far the appellant was entitled to relief on *certiorari* at the hands of the District Court.

The judgment of the District Court affirming the judgment of the County Court is reversed, and the District Court is directed to enter a judgment modifying the judgment of the County Court so as to leave it merely a judgment affirming the judgment of the Justice with costs.

Mr. Justice RHODES expressed no opinion.