## DEVENY v. THE STATE.

CRIMINAL LAW.—*Affidavit.— Justice of the Peace.—Liquor Law.*—An affida-vit in a criminal prosecution, under the act of February 27th, 1873, to regulate-the sale of intoxicating liquors, before a justice of the peace, is sufficient if the offence is charged "as the affiant verily believes."

SAME.—*Trial.—Pleading.*—In prosecutions before justices of the peace, two offences may be charged in one affidavit, and both may be tried together.

SAME.—*Liquor Law.*—On the trial of a prosecution for selling intoxicating. liquor to a person in the habit of getting intoxicated, the evidence must show what kind of liquor was sold, or that it was intoxicating.

SAME.—Where the defendant in a prosecution for selling intoxicating liquor to a person in the habit of getting intoxicated had no knowledge, at the time of the sale, of the habit of intoxication of such person, who was a stranger to. the defendant, was sober at the time, and had not the appearance of being a person in the habit of getting intoxicated, he is entitled to an acquittal.

From the Jefferson Circuit Court.

*J. L. Wilson* and *E. R. Wilson*, for appellant.

*J. C. Denny*, Attorney General, for the State.

OSBORN, J.—This was a prosecution for a violation of sec-tion 6 of an act to regulate the sale of intoxicating liquors, approved February 27th, 1873 (Acts 1873, p. 151), com-menced before a justice of the peace, and appealed to the circuit court. In the circuit court, the appellant moved to quash the affidavit, which was overruled. He also moved that the prosecutor be compelled to elect whether he would put the appellant upon his trial for selling or giving away the liquor. That motion was also overruled. The cause was submitted to the court for trial, who found the appellant.

guilty, and that he should pay a fine of twenty dollars, and, over a motion for a new trial, rendered judgment on the finding. Proper exceptions were taken to the several rulings of the court, and the errors assigned are sufficient to call them in question here.

The affidavit upon which the prosecution was based was made by one Thomas Jefferson Taylor. It alleged that on or about the 23d day of January, 1874, in the county of Jefferson, and State of Indiana, the appellant, as the affiant verily believes, did unlawfully sell for ten cents and give intoxicating liquor to him, the affiant, who is a person in the habit of getting intoxicated. It was sworn to on the day of the alleged sale.

It is insisted that the affidavit is bad for not charging the sale in positive terms, and that to charge it as the affiant verily believes is not sufficient. An indictment charging the commission of an offence as the grand jury verily believed would undoubtedly be bad. But we find that the forms prescribed in the statute for affidavits in criminal prosecutions before justices of the peace are " as the affiant verily believes." 2 G. & H. 642, 643, sec. 31. That section provides that justices shall use those forms with such variations as the circumstances of each case may require. It is true that the form given in section 19 of the act of February 27th, 1873, *supra*, uses positive language, but that section only provides that the form given shall be sufficient in criminal proceedings before justices of the peace or mayors. It does not require that it shall be used.

It is also insisted that the affidavit charges two offences, a sale and gift of the liquor and that it should have been quashed for that cause.

The counsel have not cited any authority holding that an affidavit for a criminal prosecution for a misdemeanor before a justice of the peace was bad because it charged two offences, and we know of none. There is no such thing as different counts in an affidavit. If the two offences could be included

in one indictment of two counts, we perceive no reason why they may not be in one affidavit and prosecution before a justice of the peace, and tried together.

The case of *Shafer* v. *The State*, 26 Ind. 191, is criticised, and we are asked to overrule it, and hold that two misdemeanors can not be charged in one count of an indictment, on the ground of duplicity. We do not think the case requires us to consider that question, for the reason already stated, that an affidavit is not divided into counts, each charging a different offence. None of the objections made to the affidavit by the appellant are well taken. We have not considered any others.

The evidence tended to prove that the appellant gave to the prosecuting witness, Taylor, a drink of liquor, and that he was in the habit of getting intoxicated. There was nothing in the evidence, however, showing what kind of liquor it was, or that it was intoxicating. Hence, the evidence was not sufficient to convict.

Again, the appellant testified that Taylor was a stranger to him; that he had no knowledge of his habit of intoxication; that he was sober at the time, and had no appearance of being a person in the habit of getting intoxicated. This evidence of the appellant was wholly uncontradicted, and under the ruling in *Farrell* v. *The State*, 45 Ind. 371, entitled the appellant to an acquittal.

The judgment of the said Jefferson Circuit Court is reversed. The cause is remanded, with instructions to said court to grant a new trial, and for further proceedings in accordance with this opinion.