THE PEOPLE *v.* FONTANA.

APPEAL from the District Court of Arecibo.

No. 257.—Decided October 12, 1910.

CRIMINAL LAW—SALE OF LOTTERY TICKETS—VERBAL MOTION TO DISMISS AN
    APPEAL.—Motions to dismiss appeals should be made in writing and filed
    with the secretary in time to be put upon the motion docket and heard at
    some call of the same on a Monday prior to the day set for the hearing on
    appeal.
APPEALABLE ORDERS—SETTING ASIDE AN INFORMATION.—According to section 348,
    paragraph 1, of the Code of Criminal Procedure, an appeal may be taken
    by The People from an order setting aside an information.
ID.—SALE OF LOTTERY TICKETS—SUFFICIENCY OF THE COMPLAINT.—A complaint
    charging the defendant with the offense of selling lottery tickets through
    two agents, without giving the names of the agents, but substantially fol-
    lowing the language of the section of the Code which punishes that offense,
    is sufficient to serve as a ground for the prosecution.
FACTS REQUIRED TO BE STATED IN COMPLAINT.—It is generally sufficient to de-
    scribe the offense in the words of the statute where all the ingredients of
    the offense are stated with legal certainty, and as repeatedly held by this
    court the same strictness is not required in complaints presented in the in-
    ferior courts, charging misdemeanors, as in informations in district courts,
    charging felonies.
ID.—DEFECTS OF A COMPLAINT—APPEAL—WAIVER.—It is held by the weight of
    authority that when no objections have been made by a defendant to a com-
    plaint filed against him in a lower court, and, being convicted, he appeals
    to the Supreme Court, such appeal constitutes a waiver of informalities or
    irregularities in the proceedings below, when they do not affect the juris-
    diction.

The facts are stated in the opinion.

*Mr. Jesús M. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This prosecution was begun in the municipal court of Arecibo under a complaint charging the defendant with selling lottery tickets contrary to the provisions of section 293 of the Penal Code. On a trial the accused was convicted and appealed from the judgment to the district court. In that court the defendant, through his counsel, made a motion to dismiss the prosecution for a defect in the complaint in that it was charged therein that the accused sold the lottery tickets through two agents and that it was not stated in the complaint who these agents were, whereby the accused was prejudiced in his rights of defense. This exception to the complaint was sustained by the court and the prosecution was accordingly dismissed. From this judgment the *fiscal* took an appeal and the transcript was duly filed for our consideration.

Without previous notice the attorney for the respondent, the defendant below, made a verbal motion to dismiss the appeal, and presented it orally on the day of the trial. Such motions should be made in writing and filed with the secretary in time to be put upon the motion docket and heard at some call of the same on a Monday prior to the day set for the hearing of the case on appeal. But, waiving this informality and giving the motion due consideration, it is found to be utterly without merit. It is provided in our statutes that an appeal may be taken by The People from an order setting aside an information such as is the order appealed from here. (Code of Criminal Procedure, sec. 348, par. 1.)

Then, was the complaint presented against the accused sufficient? The only defect alleged is that it failed to give the names of the agents through whom the defendant was selling the lottery tickets. The complaint substantially follows the language of the statute as appears from comparing the record with section 293 of the Penal Code. An information as well as a complaint must set forth the facts of the

case with sufficient certainty to constitute an offense in order to support a conviction. (*Deveny* v. *State*, 47 Ind., 208.)

It is generally sufficient to describe the offense in the words of the statute, where all the ingredients of the offense are there stated with legal certainty. (*People* v. *McGuire*, 26 Cal., 640; *State* v. *Carpenter*, 60 Conn., 97; 22 Atlantic 497; *Com.* v. *Connelly*, 163 Mass., 542.) It may be contended that our statute concerning the sale of lottery tickets does not do this; but it is unnecessary to decide that question. This complaint was presented in the municipal court, and the defendant was convicted there and took an appeal to the district court, where the case was required under our law to be tried anew. In such cases it is held by the weight of authority that, no objections having been made in the lower court, the appeal constitutes a waiver of informalities or irregularities in the proceedings before the justice of the peace or municipal judge or renders them immaterial, where such matters do not affect the jurisdiction of the subject matter. (*Byars* v. *Mt. Vernon*, 77 Ill., 469; *Com.* v. *Gavin*, 148 Cyc., pp. 324, 336.)

It was held in a murder case in California that it is sufficient if the indictment charge the offense in the language of the statute defining it. Here all the ingredients of the crime are covered by the statute defining it with great fullness. (*People* v. *Dolan*, 9 Cal., 576.) Besides, we have repeatedly held that the same strictness is not required in complaints presented in the inferior courts charging misdemeanors as in informations in the district court charging felonies. (See *The People of Porto Rico* v. *Bonilla* [13 P. R. Rep., 41], decided June 18, 1907, and *The People of Porto Rico* v. *Aranda* [12 P. R. Rep., 302], decided May 8, 1907.) The same ruling has been made in Hawaii and Wisconsin, and perhaps other jurisdictions. (12 Cyc., 324, note 49.)

This view of the case at bar is sustained in a late work on indictments which cites a case from the Supreme Court of Kentucky holding that it is not necessary to specify the

particular acts done, or methods resorted to, to induce a person to purchase tickets in a lottery. (Joyce on Indictments, sec. 278, citing the case of *Miller* v. *Commonwealth,* 13 Bush, 731.)

Then it is clearly apparent that the court below committed an error in holding the complaint insufficient and dismissing this prosecution and the order should be reversed and the cause remanded to the court below with instructions to proceed with the trial of the defendant, in accordance with this opinion.

*Reversed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.