[Crim. No. 462.    Second Appellate District.—February 14, 1916.]

In the Matter of Application of PERCY HOWELL for a Writ of Habeas Corpus.

Criminal Law—Appeals from Justice's Court—Construction of Section 1466, Penal Code.—The provisions of section 1466 of the Penal Code, that the parties may appeal from justices' judgments "in like cases and for like cause as appeals may be taken to the supreme court," does not make applicable all of the provisions respecting the preparation of the record to be used on appeal as the same are outlined in title IX of said code.

ID.—GIVING NOTICE OF APPEAL AND FILING BOND—LOSS OF JURISDIC-
TION BY JUSTICE.—The filing of a notice of appeal from a judg-
ment of the justice's court and furnishing the required bail in the
amount fixed by the justice, after conviction on a misdemeanor
charge, ousts the justice of jurisdiction to proceed further, and
removes the cause to the superior court, notwithstanding the ap-
pellant does not prepare his statement on appeal within the time
prescribed by law; and the justice has no power, until the superior
court dismisses the appeal, to issue an order attempting to release
the bail and commit the defendant to the custody of the sheriff.

APPLICATION for a Writ of Habeas Corpus originally
made to the District Court of Appeals for the Second Appel-
late District to discharge the respondent from the custody of
the sheriff of Los Angeles County.

The facts are stated in the opinion of the court.

William J. Hanlon, and Walter T. Casey, for Petitioner.

Thomas Lee Woolwine, District Attorney, and W. C. Doran,
Deputy District Attorney, for Respondent.

JAMES, J.—Application upon *habeas corpus* for an order
requiring that petitioner be discharged from the custody of
the sheriff of the county of Los Angeles. The return admits
the facts stated in the petition. It appears that, after trial
upon a charge amounting to a misdemeanor, had in the jus-
tice's court of San Jose township in the county of Los Ange-
les, petitioner was sentenced to pay a fine of five hundred dol-
lars, or be imprisoned in the county jail until that fine be
satisfied, and judgment of further imprisonment for a period
of six months was imposed. The validity of that judgment
is not here in question. After sentence, and within the time
allowed by law, the defendant gave notice of appeal and de-
posited the sum of one thousand dollars as bail upon appeal,
that amount being fixed by the justice. More than fifteen
days thereafter, no statement on appeal having been prepared
and no further proceedings having been taken or notices
given on the part of the appellant, the justice, of his own
motion, attempted to release the bond and issued a commit-
ment, declining to retain the money given as bail pending
appeal, which the defendant still offered and tendered to him.
Under the commitment defendant was taken into custody,

and is now confined in the county jail. There is some uncertainty in the statement in the petition as to the conditions concerning the release of the cash bond; but as no point is made touching that matter by respondent, we will consider briefly the principal question presented. The position of respondent is, as represented by the district attorney, that the giving of the notice of appeal and the bail on appeal in the amount fixed by the justice were not sufficient to effectuate an appeal unless other proceedings were taken to prepare a record to be used in the appellate court. It is claimed that the sections found in title IX of part II of the Penal Code, which relate particularly to appeals to the supreme court, and wherein certain proceedings are required of the appellant in the way of giving notice for the preparation of his record, etc., are applicable. Section 1466 et seq. of the Penal Code provide particularly for appeals to be taken to the superior court. Section 1466 reads as follows: "Either party may appeal to the superior court of the county from a judgment of a justice's or police court, in like cases and for like cause as appeals may be taken to the supreme court." Section 1468 provides that the appeal to the superior court from such judgment of a justice's or police court is to be heard upon a statement of the case settled by the justice or police judge, which statement must be filed and settled by the court within ten days after the filing of notice of appeal. The provision contained in section 1466, that parties may appeal from justices' judgments "in like cases and for like cause as appeals may be taken to the supreme court," we think does not by necessary effect make applicable all of the provisions respecting the preparation of the record to be used on appeal as the same are outlined in title IX referred to. Section 1466 states merely that the appeals are to be taken in like cases and for like cause, but nowhere does its provisions carry the inference that the procedure in the preparation of the appeal is to be the same as where the appeal is taken from a judgment of the superior court. Added force is given to this conclusion when we refer to the terms of section 1468, which expressly provides that the appeal is to be heard upon a statement of the case settled by the justice. If the appeal is to be so heard, then surely the general sections relating to appeals touching the manner of preparation and kind of record to be used, cannot apply. Section 1468 is complete and exclusive in its

relation to appeals from justice's and police courts. The filing of the notice of appeal and furnishing the required bail in an amount as fixed by the justice had the effect of ousting the jurisdiction of the justice's court to act further, and removed the cause to the superior court. This, notwithstanding that it might follow that the appeal should be dismissed for lack of a sufficient record upon which to present any available question. Upon this application, however, that question is of no materiality. If the defendant's case was by the appeal taken transferred to the superior court, the justice of the peace could not lawfully issue a jail commitment until some order had been made by the superior court disposing of the appeal.

It is ordered that, upon production to the sheriff of a certificate of the justice showing the receipt by him of the amount of one thousand dollars, heretofore fixed as bail upon appeal, petitioner be discharged from custody.

Conrey, P. J., and Shaw, J., concurred.