[Civ. No. 5390.   Second Appellate District, Division Two.—September 11, 1926.]

## DELLA GARRETT, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, Respondent.

[1] CRIMINAL LAW — PROCEEDINGS IN SUPERIOR COURT AFTER APPEAL FROM RECORDER'S COURT — JURISDICTION — CERTIORARI.—A writ of review will lie to review criminal proceedings had in a superior court after an appeal thereto from the recorder's court, where it is claimed that the superior court had no jurisdiction for the reason that the recorder had pronounced no judgment and that the appeal was therefore premature.

[2] ID.—SECTION 1246, PENAL CODE—APPLICABILITY OF TO APPEALS FROM RECORDER'S COURT.—Section 1246 of the Penal Code, relating to appeals to the supreme court, must be looked to as prescribing a part of the procedure on appeal from municipal and justices' courts, and therefore from recorder's courts.

[3] ID.—APPEAL—SECTION 1468, PENAL CODE—CONSTRUCTION.—Under section 1468 of the Penal Code, dealing with appeals to the superior court, the statement of the case is the equivalent of a bill of exceptions, with the difference, at least, that the statement must contain the grounds upon which the party appealing intends to rely upon the appeal, and in setting forth these grounds it is not necessary to state them so fully as to include any of the papers or minutes which are mentioned in section 1246 of the Penal Code.

[4] ID.—CERTIORARI — DOCKET OF RECORDER'S COURT — RECORD ON APPEAL — JURISDICTION. — In a proceeding in *certiorari* to review criminal proceedings had in a superior court after an appeal thereto from the recorder's court, which *certiorari* proceeding is based upon the ground that the superior court had no jurisdiction for the reason that the recorder had pronounced no judgment and that the appeal to the superior court was premature, the docket of the recorder's court is properly before the reviewing

---

1.   See 4 Cal. Jur. 1050.

court; and where the docket of the recorder's court shows no action by the recorder—no judgment—following upon the verdict of the jury, the appeal attempted to be perfected by the petitioner was premature, and the cause never was subjected legally to the jurisdiction of the superior court.

(1) 16 **C. J.**, p. 369, n. 27 New.  (2) 16 **C. J.**, p. 370, n. 46. (3) 16 **C. J.**, p. 377, n. 77 New.  (4) 16 **C. J.**, p. 380, n. 12.

PROCEEDING in Certiorari to annul a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Judgment annulled.

The facts are stated in the opinion of the court.

George W. Cook for Petitioner.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

WORKS, J.—As shown by the return made by respondent to the writ of review which we issued in this proceeding, petitioner was tried upon a criminal complaint in a recorder's court. The trial was by jury and resulted in the return of a verdict of guilty on March 5, 1926. If we are to consider the docket of the recorder, copy of which was filed with respondent court and which appears as a part of the record brought to us in this proceeding, it appears that no judgment was pronounced in the action by the recorder. The docket shows, under the date just mentioned: "Jury returned verdict of guilty. Notice of appeal by Atty. Cook for defense." On the next day petitioner filed with the recorder a written notice of appeal in which it was stated that she appealed to respondent court "from a judgment heretofore made and entered in the above-entitled action on the 5th day of March, 1926." Pursuant to the appeal thus taken, or, at least, attempted to be taken, the cause came on for trial in respondent court, after an order had been made reversing "the judgment of conviction" in the recorder's court and granting a new trial in respondent court. At the inception of the trial, and before a jury was called, petitioner objected that the court had no jurisdiction of the action for the

reason that the recorder had pronounced no judgment and that the appeal was therefore premature. The objection was overruled, the trial went forward to a conclusion, and the jury found petitioner guilty. Petitioner then filed in this court her petition for the writ of review.

Petitioner makes here the same point upon which she grounded her objection in respondent court. She says, specifically, that her attempted appeal was abortive for the reason that it was in effect an effort to appeal from the verdict of a jury, and this even though her written notice of appeal recited that she appealed from a judgment. [1] Respondent essays to meet this argument by the counter contention that the writ of review will not lie to review the judgment of a justice's or recorder's court after appeal therefrom to the superior court, citing the well-known case of *Roberts* v. *Police Court*, 185 Cal. 65 [195 Pac. 1053]. We think this position of respondent is untenable. The proceeding here is in our opinion an attack upon the jurisdiction of respondent court. The direct question is presented whether the notice of appeal given by petitioner transported the cause in which she was defendant from the recorder's court to the appellate tribunal, respondent court, for its consideration.

The point is also made by respondent that the docket of the recorder is not before us, despite the fact that a copy of it was filed with respondent court and is incorporated in the record returned to us under the writ heretofore issued. The determination of this point involves considerations of a complex and far-reaching character, imposing upon us, as it does, the duty of construing some of the latest enactments of the legislature.

Section 3 of an act of the legislature passed in 1858 reads as follows: "The appeal to the county court from the judgment of a justice's, recorder's, mayor's, or police judge's court, shall be heard upon a statement of the case settled by the justice, police judge, recorder, or mayor, embodying the evidence, and such rulings of the court as are excepted to" (Stats. 1858, p. 218).

Appeals from recorder's courts in criminal cases for many years have been governed by the provisions of the Penal Code relating to appeals from justice's courts (Deering's Gen. Laws 1923, Act 5233, secs. 806, 882). Section

1466 of the Penal Code has been substantially to the same effect ever since 1880, although it was amended in 1925 in such manner as to include a reference to municipal courts and to the district court of appeal. The enactment now reads: "Either party may appeal to the superior court of the county from a judgment of a municipal court or from a judgment of a justice's or police court, in like cases and for like causes as appeals may be taken to the supreme court or to a court of appeal."

Section 1467 of the Penal Code was also amended in 1925 [Stats. 1925, p. 950], but the amendments then incorporated in it make no substantial change in its import in so far as it bears upon any question involved in the present proceeding. The section now reads: "The appeal may be taken, heard and determined as provided in title nine, part two of this code, except that such appeal must be taken within fifteen days after the judgment is rendered in a justice's or police court, or entered in a municipal court, or within ten days after the order is made from which the appeal is taken, by filing a written notice of appeal."

From 1880 to 1925 section 1468 of the same code read as follows: "The appeal to the superior court from the judgment of a justice's or police court is heard upon a statement of the case settled by the justice or police judge, embodying such rulings of the court as are excepted to, which statement must be filed with and settled by the court within ten days after filing notice of appeal."

Section 1468 was deprived of its former semblance by amendment adopted in 1925. It now reads: "The appeal to the superior court from a judgment of a municipal court, or from the judgment of a justice's or police court, shall be heard upon a statement of the case settled by the judge of the municipal court or by the justice or police judge. The statement must contain the grounds upon which the party intends to rely upon the appeal, and so much of the evidence as may be necessary to explain the grounds. The statement must be prepared by the appellant and filed with the court, and a copy served upon the opposite party, within five days after the filing of the notice of appeal. The respondent may, within five days after the service of the copy and the filing of the proposed

statement, file amendments thereto, a copy of which must be served upon the appellant. Within five days from the time of the filing and serving of the amendments or if no amendments be filed then within ten days from the time of the filing of the statement, as herein provided, the court must settle the same, and if in the opinion of the court the statement is incorrect or insufficient he shall correct it. If no statement is filed and served as herein provided, the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment or order appealed from shall be enforced as if no appeal had been taken.''

In dealing with a case in which there had been an appeal from a police court the supreme court said: ''There is nothing in the point that the County Court could not entertain the appeal except upon a statement prepared as provided in section 3, page 218, of the statutes of 1858. . . . The section in question does not apply to cases where the rulings of the Court, alleged to be erroneous, appear upon the face of the judgment roll. Where the errors do not appear upon the face of the judgment roll a statement is made necessary because the errors can in no other way, except by a trial *de novo,* be brought to the notice of the appellate court'' (*People* v. *Maguire,* 26 Cal. 635). In a later case an individual appealed from a judgment of conviction entered against him in a justice's court. The case came before the supreme court and the following appears in the statement of facts contained in the opinion of that tribunal: ''For the purposes of the appeal [from the justice's court], however, [the appellant] prepared no statement embodying the evidence and such rulings of the Court as had been excepted to by him; on the contrary, he furnished no papers, except the docket of the Justice.'' The following appears later in the opinion: ''If the County Court, as it seems to have done, considered that no appeal can be heard unless accompanied by the statement for which the statute provides, it was error. The statute must receive a sensible construction. There may be cases in which no statement is needed for the purposes of the appeal. Suppose a Justice of the Peace should sentence a defendant to the State Prison for petit larceny or assault and battery, or should try him without a jury, notwithstanding one was demanded, and it so appeared by

his docket, what need would there be for a statement in order to get these questions before the County Court? Or suppose the defendant should demur to the complaint upon the ground that the facts stated do not constitute a public offense, and should appeal, what occasion would there be for a statement? The statute must be understood as requiring a statement only where the record fails to disclose the error upon which the appellant relies. We have so held expressly in *People* v. *Maguire,* 26 Cal. 640'' (*Morley* v. *Elkins,* 37 Cal. 454). These two cases, taken together, plainly seem to have established the rule, under the statute of 1858, that on an appeal from a justice's court in a criminal case the docket of the justice was a part of the record—that it was, in fact, a part of the "judgment-roll." We cannot discover that either of these decisions has ever been cited to the point here under consideration. Nor has the question ever arisen in later cases, although the office of the statement of the case referred to in section 1468, as it stood prior to the amendment of 1925, has been considered in *Matter of Howell,* 29 Cal. App. 668 [157 Pac. 553], in *Matter of Gottschalk,* 47 Cal. App. 260 [190 Pac. 649], and in *Roberts* v. *Police Court, supra.*

The amendments of 1925 to sections 1466, 1467, and 1468 of the Penal Code, although probably framed with an eye principally to the erection of the new municipal court created in that year (Stats. 1925, p. 648), have also worked a change in the law concerning appeals from justice's courts, and therefore from recorder's courts, for sections 806 and 882 of Act 5233, cited above, were not amended in the year named.

The appeal of petitioner from the recorder's court to the superior court, which is the subject of scrutiny in the present proceeding, was perfected long after the above-mentioned amendments of 1925 became effective, and the procedure governing it must be found in the language of those amendments. Under the change in the law then effected, was the docket of the recorder a part of the record on appeal? Can we consider the docket here? To what extent, if any, is the rule of *People* v. *Maguire, supra,* and *Morley* v. *Elkins, supra,* abrogated by the amendments?

It may be argued in support of the position of respondent that under section 1468 of the Penal Code it seems impossible to consider the statement of the case as the equivalent of the bill of exceptions provided for in section 650 of the Code of Civil Procedure, although parts of the language of section 1468 seem to tend toward such a possibility. If a defendant who appeals from a judgment of the superior court desires to contend for a reversal on the ground that the complaint fails to state a public offense, he is not required to prepare a bill of exceptions. He may present his contention under an appeal upon the judgment-roll in which no bill of exceptions is incorporated. So, under the language of the opinion in *Morley* v. *Elkins, supra,* he may have done on an appeal from a justice's court, under the act of 1858, which, so far as the question here involved is concerned, was in legal effect the same as section 1468 of the Penal Code before the amendment of 1925. Under the practice regulating appeals from the superior court a bill of exceptions is but part of the record on appeal, that is, it is so in those cases in which a bill of exceptions is employed, for a complete record, so far as the sanctity of the appeal is concerned, may be made without a bill of exceptions. Where no bill of exceptions is employed on the appeal the only result is that the appellate tribunal is limited in the range which its investigations may cover. It may be argued, further, that in the practice inaugurated by section 1468 of the Penal Code the statement of the case seems to have been designed as the complete and only record on appeal.

According to the strict letter of section 1468, an appeal is futile without a statement of the case. "If no statement is filed and served as herein provided, the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment or order appealed from shall be enforced as if no appeal had been taken." It may be argued that this language admits of no such thing as an appeal "on the judgment-roll alone," to adopt the parlance of the cases relating to appeals from the superior court. This is equivalent to the assertion that under the procedure prescribed by section 1468 there is no such thing as a "judgment-roll," as that term is understood when we have in contemplation the question of an appeal from the supe-

rior court. As one who appeals from the judgment of a recorder's court cannot contend that a complaint fails to state a public offense without filing a statement of the case, even though he causes a copy of the complaint and a copy of the recorder's docket to be filed with the appellate tribunal; as, in fact, he can present no question whatever unless he files a statement of the case, even if he does file the copies of complaint and docket, can it be said that those copies are a part of the record on appeal when he fails to file the statement? And if they are not a record on appeal when filed without a statement, did the legislature intend them to be a part of the record when they are filed with a statement, but not incorporated in it? Can it be argued that section 1468 intends that all matter which is to be inspected by the appellate tribunal shall be included in the statement of the case and that such is the method provided for the certification of the entire record? Can it be said that the statement of the case is intended to include what the courts term "the judgment-roll alone," when dealing with appeals from the superior court, as well as the matter incorporated in a bill of exceptions used on such appeals?

Section 975 of the Code of Civil Procedure, which relates to appeals to the superior court in civil cases, provides for a statement of the case and requires: "The statement must contain the grounds upon which the party intends to rely upon the appeal, and so much of the evidence, as may be necessary to explain the grounds, and no more." The section provides further: "The statement . . . with a copy of the docket of the justice or judge, and all motions filed with him by the parties, during the trial and the notice of appeal, may be used on the hearing of the appeal before the superior court." Section 975 was not amended in 1925, but section 984 of the same code, a new section adopted in that year, provides that section 975, along with others, "are hereby made applicable to appeals from municipal courts." Why was section 975 permitted to stand in its reference to the docket and to motions filed with the justice, while such a reference was omitted from the amended section 1468 of the Penal Code? It may be argued that it was only because the legislature intended to provide in criminal cases a method of certifying the

record on appeal which should be different from that provided in civil cases.

We have arrived at a conclusion opposed to that for which respondent contends, and we now proceed to state the arguments which in our opinion support it. It will be remembered that section 1467 of the Penal Code provides: "The appeal may be taken, heard and determined as provided in title nine, part two of this code," with certain exceptions which are not material here. Section 1246 of the same code, which is comprised within the title thus referred to, and which relates to appeals to the supreme court, reads: "Upon the appeal being taken, the clerk of the court from which the appeal is taken must, without charge, within twenty days thereafter transmit to the clerk of the appellate court a typewritten copy of the following papers: 1. The indictment, information or accusation; 2. A copy of the minutes of the plea; 3. A copy of the minutes of the demurrer; 4. A copy of the demurrer; 5. A copy of the minutes of the trial; 6. A copy of other minutes of the action, including the proceedings on motion for arrest of judgment or new trial; 7. A copy of the written charges given by the court to the jury, or refused, or modified and given; also, a transcript of any oral charge; 8. A copy of the judgment; 9. Any written or printed exhibits offered in evidence at the trial of the cause. The clerk of the court from which the appeal is taken must also, within the time above specified, deliver, without charge, to the defendant or his attorney, upon application therefor, a carbon copy of the original transmitted to the clerk of the appellate court; and must also deliver, without charge, a carbon copy to the district attorney upon his application therefor."

Whether the provisions of section 1246 have been imported by section 1467 into the appellate practice affecting municipal, justices', and recorder's courts is a question of some nicety. The latter section imports those parts of title nine only which prescribe the methods whereby an appeal may be "taken, heard and [or] determined." It is so manifest as not to require argument that the interpolation here of the word "or" is properly made, and we dismiss the point as concluded. Viewing separately, then, the words just quoted from the section, it is apparent that

section 1246 has no concern with the "taking" of appeals. So much appears from the context of the enactment. Not only is its essence untinctured by any matter affecting the taking of appeals, but its opening words, "Upon the appeal being taken," show that its provisions are ineffective until after an appeal is ·perfected. Does the section provide methods whereby appeals may be "heard"? Unquestionably, taking strictly its letter, it does not. The enactment prescribes nothing as to hearing unless we look to its spirit. By direct provision it specifies only a duty of the clerk of the court from which an appeal is taken—the duty to transmit certain documents to the appellate tribunal. But what is to be the purpose of this transmission? It is to occur after an appeal is perfected—after the appealed cause has fallen into the jurisdiction of the appellate tribunal—and its only imaginable purpose is to enable that tribunal to proceed with the exercise of its jurisdiction in disposing of the appeal. The exercise of that jurisdiction is made manifest through a hearing, and it therefore appears as a result of this course of reasoning that section 1246, in its spirit and essence, provides methods whereby appeals may be heard. Having reached this conclusion, it becomes immaterial to inquire whether the enactment provides a means whereby appeals may be "determined."

So much seems reasonably deducible from a survey of section 1467. Is there anything in section 1246 which forbids its importation by means of section 1467? The language of section 1246 inspires several questions which are worthy of at least some consideration. As we have already remarked, the duty which the enactment imposes is fastened upon "the clerk of the court from which the appeal is taken." But neither a justice's court nor a recorder's court has a clerk. This fact, we think, does not interfere with the importation of the section. The legislature doubtless intended to make so much of title nine applicable to the practice on appeals from municipal courts, justices' courts, and recorder's courts as is in its nature applicable to such a practice, without too fine a regard for such differences in terminology as that now under discussion. The fact that after an appeal from these courts the papers to be used upon the appeal must be transmitted by the justice or by the recorder does not affect the practi-

cal applicability of section 1246 merely because that enactment requires that the transmission shall be made by a clerk. Leaving now this particular branch of the discussion, there is another point which seems to conclude the question under consideration. The municipal court has a clerk (Stats. 1925, p. 651, sec. 6, subd. [b]), and it is, moreover, a court of record (Const., art. VI, sec. 12, as amended, Stats. 1923, p. 1681). That court, then, comes directly within the requirement of section 1246 of the Penal Code to the effect that the papers therein designated shall be transmitted by the clerk. But section 1467 of the Penal Code in effect groups justices' courts, and therefore recorder's courts, with municipal courts. As, therefore, so far as the point now under discussion is concerned, section 1246 applies exactly to municipal courts, the argument is inescapable that the legislature did not intend that it should not apply to justices' and recorder's courts because those courts have no clerks, especially as it cannot apply to municipal courts unless it applies to the other two, or at least to the justice's court, for the municipal courts and justices' courts are put in the same category by the legislature in its enactments prescribing practice on appeal. We conclude, finally, that the fact that section 1246 imposes a duty upon "the clerk" does not interfere with the importation of the enactment by means of section 1467.

We continue our analysis of section 1246. The enactment provides that the clerk must transmit to the appellate court the "indictment, information or accusation," while it is provided in another section that criminal proceedings in a justice's court "must be commenced by complaint" (Pen. Code, sec. 1426). This difference in terminology could not, we think, prevent the importation of section 1246 by means of section 1467, especially as the difference is more apparent than real. A criminal complaint is defined to be the allegation in writing made to a court or magistrate that a person has been guilty of some designated offense" (Pen. Code, sec. 806), but the definition is embodied in a chapter of the code which is entitled "The Information," and other sections in it employ the word "information," apparently interchangeably with the word "complaint."

Section 1246 provides for the transmission of certain "minutes" to the appellate tribunal. Although minutes are not kept by a justices' court, everything prescribed in connection with the use of that word in section 1246 is recorded by a justice in his docket. The matter required to be transmitted by the section can therefore be furnished by a justice through the transmission of a copy of the docket, and thus the section can be substantially complied with. Moreover, a municipal court, being a court of record, as already noted, does keep minutes and can comply with the strict letter of section 1246. This being so, and as municipal and justices' courts are placed in the same category by the statutes concerning appellate procedure, the section must be so construed, if possible, as to make it apply to justices' courts. We can see nothing to inter- fere with such a construction.

[2] From all these reflections it appears to us that section 1246 of the Penal Code must be looked to as prescribing a part of the procedure on appeal from municipal and justices' courts, and therefore from recorder's courts, although it was said in *Matter of Howell, supra,* that all of title nine of part two of the Penal Code is not so to be regarded. Section 1467 of that code, in the respect in which it has been under examination here, has never been construed by the courts of review of the state, although it has been in its present form, in its provision that appeals to the superior court are "taken, heard and determined as provided in title nine, part two" of the code, ever since its enactment in 1872. The question is here directly presented, and in view of the amendments of 1925 to sections 1466–1468 of the code, formulated principally because of the creation of the new municipal courts, we have thought it advisable to treat it with great minuteness.

[3] It becomes material now to re-examine section 1468, and to construe it in connection with the section which—section 1246—accompanies it as a prescription of the practice upon appeals to the superior court. It is plain now, we think, that under section 1468 the statement of the case is the equivalent of a bill of exceptions, with the difference, at least, that the statement must contain "the grounds upon which the party [appealing] intends to rely upon the appeal." And we are satisfied that in

setting forth these grounds it is not necessary to state them so fully as to include any of the papers or "minutes" which are mentioned in section 1246. The two sections— 1246 and 1468—operate together to this effect: The former covers the transmission of papers which are the equivalent of the "judgment-roll alone," while under section 1468 so much of the evidence "as may be necessary to explain the grounds" upon which the appellant proposes to rely must be reproduced, and, in addition, the grounds must be stated. It is evident from the concluding sentence of section 1468 that a statement of the case must be filed even if no evidence is necessary to "explain the grounds." The statement, however, will in such a contingency consist merely of a recital of the grounds which the appellant expects to argue from the face of the papers transmitted under the mandate of section 1246.

[4] We conclude that, in the present instance, the docket of the recorder's court is before us. As the docket shows no action of the recorder—no judgment—following upon the verdict of the jury, it seems that the appeal attempted to be perfected by petitioner was premature and that the cause never was subjected legally to the jurisdiction of respondent court. We do not see how we can presume in aid of the docket of the recorder that a judgment was entered by him, merely because petitioner attempted to appeal from a judgment, nor do we see how petitioner can be estopped by the form of her notice of appeal to assert that no judgment was entered. None of the elements of an estoppel seem to be presented by the record. It seems that the cause in which petitioner is defendant is still within the jurisdiction of the recorder and that an appropriate means must be found, even at this late day, whereby to pronounce judgment upon the verdict rendered in his court.

Judgment annulled.

Finlayson, P. J., and Craig, J., concurred.