[Civ. No. 5468. Second Appellate District, Division Two.—February 15, 1927.]

MARION J. MAZURAN et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] MUNICIPAL COURT — APPEAL ON QUESTIONS OF LAW AND FACT — FAILURE TO PREPARE STATEMENT OF CASE — ORDER DISMISSING APPEAL—INVALIDITY OF.—On an appeal from a judgment of the municipal court upon questions of both law and fact, the pleadings or judgment-roll, under a liberal construction of sections 975 and 977 of the Code of Civil Procedure, should be presented to the superior court; and an order dismissing such an appeal because no statement of the case has been prepared, served, or filed is void, where a demurrer was interposed to the complaint, and with the pleadings before the superior court the appellants are entitled to have the questions of law raised by that demurrer passed upon by the superior court.

---

(1) 15 C. J., p. 985, n. 42, p. 1031, n. 67.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County dismissing an appeal from the Municipal Court. C. W. Miller, Judge. Order annulled.

The facts are stated in the opinion of the court.

D. A. Knapp for Petitioners.

Robert E. Austin and John N. Helmick for Respondents.

THOMPSON, J.—By this application it is sought to annul an order dismissing an appeal from the municipal court of

Los Angeles. An action was commenced in the justice's court of Los Angeles township, but before trial the justice's court had been superseded by the municipal court and the trial was had in the last-named court. Also it appears from the return to the writ that a demurrer to the complaint was heard in the municipal court. Two of the defendants in the action (the petitioners here), being dissatisfied with the judgment, filed their notice of appeal on June 1, 1926, and within the time allowed by law. The notice of appeal stated that "the appeal is taken on questions of both law and fact." By the provisions of section 976 of the Code of Civil Procedure no statement of the case is necessary in appeals from the justice's court on questions of both law and fact. Under the provisions of section 975 of the same code, however, when the appeal is taken on questions of law alone it is necessary to prepare, serve, and file a statement of the case which shall "contain the grounds upon which the party intends to rely upon the appeal and so much of the evidence, as may be necessary to explain the grounds, and no more." By section 984 of the Code of Civil Procedure section 975 is made applicable to appeals from the municipal court, while section 976 of the Code of Civil Procedure is not, the legislature having also provided by section 983 of the same code that appeals from the municipal court shall be on questions of law alone. The petitioners here did not prepare a statement of the case and on August 16, 1926, the plaintiff in the action made a motion to dismiss the appeal on the ground that the statement had not been served and filed. The respondent court made its order dismissing the appeal.

[1] In brief the petitioners' contention is that a statement of the case is not essential to the appeal and that if a statement be necessary, the requirement is unconstitutional because it is discriminatory, special, and does not have a uniform operation. The foundation of their argument that it is unconstitutional is that appeals are allowed to the superior court from the justice's court on questions of fact with a trial *de novo* in the superior court, in which case no statement of the case is required.

Sections 983 and 984 of the Code of Civil Procedure were adopted in 1925 (Stats. 1925, p. 942) as a part of the legislation designed to govern the practice in and appeals

from the municipal court.  As stated above, section 983 provides for appeals on questions of law only, which provision is supplemented by a sentence found in another new section (sec. 985, Code Civ. Proc.) as follows: "If there be a new trial it must be in the municipal court." Section 984 of the Code of Civil Procedure makes applicable to such appeals, however, sections 975 and 977 of the Code of Civil Procedure.  These are sections which originally applied to appeals from the justice's court, the first providing for a statement of the case in appeals on questions of law as heretofore pointed out, the second providing for the transmission of the papers to the superior court, including the "statement if any." The petitioners argue that the words "if any" indicate that a statement may not be' essential.  In this connection it should also be observed that section 975 of the Code of Civil Procedure, in addition to prescribing the method of preparing a statement, says "the statement thus adopted, or as settled by the justice or judge, with a copy of the docket of the justice or judge, and all motions filed with him by the parties during the trial and the notice of appeal may be used on the hearing of the appeal before the superior court." The question may well be asked, in view of the authorized use on appeal of the docket and motions and the language indicating that no more of the evidence shall be incorporated in the statement than is necessary to explain the grounds, what necessitates a statement, if the error complained of is manifest without the statement? It is not the policy of the law nor can we say that the legislature intended to require a useless act. A similar question relating to appeals of criminal causes was considered by this court in the case of *Garrett* v. *Superior Court,* 79 Cal. App. 273 [249 Pac. 871], and there it was determined that, although the literal effect of section 1468 of the Penal Code is to require a statement, nevertheless if the error complained of may be determined from an inspection of the other papers transmitted that the statement is not essential.  (See, also, *Mason* v. *Superior Court,* 124 Cal. 468–470 [57 Pac. 379].)

We then have to inquire whether the respondent court could in this action have determined the appeal from the papers which should have been transmitted.  From the sections of the Code of Civil Procedure heretofore cited it is

apparent that the legislature intended to give to litigants in the municipal court the right of appeal on questions of law alone. The notice of appeal here states that the appeal is on questions of both law and fact. A portion of section 977 of the Code of Civil Procedure made applicable to appeals from the municipal court says: ''If the appeal be on questions of fact, or both law and fact, a certified copy of his docket, the pleadings, all notices, motions, and all other papers filed in the cause'' shall be transmitted to the superior court. Under the notice here in question was it necessary that ''the pleadings'' or the equivalent of the judgment-roll be transmitted? This question is not free of difficulty. If we adhere to the rule announced in *Mason* v. *Superior Court, supra,* so far as appeals from the municipal court are concerned we are bound to say that the language last quoted from section 977 of the Code of Civil Procedure has no application to appeals from the municipal court and that the only method of preparing a record of the pleadings in appeals from the municipal court is by the preparation of a statement. It is there said: ''Moreover, upon an appeal on questions of law alone the justice is not required to send to the appellate court anything more than 'a certified copy of his docket, the statement as admitted, or as settled, the notice of appeal, and the undertaking filed.' There is no provision for sending to the appellate court the pleadings or other papers in the case. . . . '' Unless we can say that stating in the notice that the appeal is on questions of fact and law is equivalent to a notice requiring the transmission of the pleadings, it can make no difference how desirable it may be that litigants should have the right to appeal on the judgment-roll alone. In this connection it must be remembered that the docket of the justice's court and the contents thereof, as provided by section 911 of the Code of Civil Procedure, is essentially different from the docket of the municipal court, which is the same as the superior court, and the contents thereof provided for by section 672 of the Code of Civil Procedure. The justices' docket is a synopsis of the action. The docket of the municipal court is a judgment docket and does not include proceedings prior to the judgment so that the transmission by the municipal court to the superior court of the docket and motions made would be of little, if any, value

to the appellate court. In practice the docket of the justice's court is the nearest possible equivalent to the judgment-roll of the superior court, or as now constituted, the municipal court. Inasmuch, therefore, as the term "docket" cannot be applied literally to appeals from the municipal court, it would seem to us that in order to make sections 975 and 977 of the Code of Civil Procedure applicable at all to appeals from the municipal court that it is necessary to adopt a liberal construction, consonant we think with the manifest intent of the legislature to provide a record on appeal in such cases. To do this we should say that, at least where, as here, the notice states that it is on questions of fact and law, that it is necessary that the pleadings or the judgment-roll be transmitted to the appellate court. If we adopt a literal construction the quoted language of section 977 has no meaning, and no practical provision is made for a record on appeal. From the return which is before us it appears that a demurrerr was interposed to the complaint, and with the pleadings before the superior court the petitioners were entitled to have the questions of law raised by that demurrer passed upon by the superior court.

It cannot be seriously contended that the order here made was made on the ground of an unreasonable delay in prosecuting the appeal, first, because the notice of the motion to dismiss was not based on that ground, and second, because there was no apparent delay.

Having arrived at the conclusion that the order sought to be reviewed in this proceeding is void, it would serve no useful purpose and would be premature for us to enter upon a discussion of the constitutional question raised by the petitioner.

It may not be amiss, however, to quote the language in *Cohen* v. *City of Alameda*, 168 Cal. 266 [142 Pac. 886], that "the legislative discretion as to the different modes of procedure or rules of practice to be prescribed for the numerous and various actions and proceedings allowed in courts of justice is very wide, and that its judgment on the question whether or not a particular provision shall be made for any class of cases, and as to the classification thereof, is not to be interfered with except for very grave causes and where it is clear beyond reasonable doubt that

no sound reason for the legislative classification, and for the different provisions regarding the same, exists."

The order is annulled.

Works, P. J., and Craig, J., concurred.