[Crim. No. 353.  Third Appellate District.—May 12, 1916.]

In the Matter of the Application of EDWARD LONG, for a Writ of Habeas Corpus.

HABEAS CORPUS—JUDGMENT—JURISDICTION OF COURT—ADMISSIBILITY OF RECORDS.—On a hearing under a writ of *habeas corpus,* the records of the proceedings of the court rendering the judgment, under which the petitioner is held by the sheriff, at the time of pronouncement of judgment, may be considered for the purpose of ascertaining whether the judgment was or was not one which the court had jurisdiction to render against the accused.

ID.—OFFICE OF WRIT OF HABEAS CORPUS.—The single question submitted by a proceeding in *habeas corpus* is always one of jurisdiction, and if it appears that it was within the lawful jurisdiction of the court or tribunal to do the act or pronounce the judgment assailed through such a proceeding, then the inquiry is at an end, even though it be made to appear that the court or the tribunal in doing the act or pronouncing the judgment committed irregularities or errors which, on appeal, might be held sufficient to vitiate the act or judgment.

ID.—POWER OF COURT TO CORRECT JUDGMENT.—Where a court has pronounced an illegal judgment, or a judgment illegally, in a case of which it has jurisdiction under the law, such court may thereafter and before execution of such judgment is commenced, set the same aside and pronounce a legal judgment, or a judgment in conformity with the requirements of the law.

ID.—ILLEGAL SALE OF LIQUOR—JUDGMENT—IRREGULARITY IN—WHEN NOT SUBJECT TO ATTACK ON HABEAS CORPUS.—A party who has been convicted of selling alcoholic liquors in no-license territory, and first sentenced to imprisonment in the county jail for the term of ninety days and immediately delivered to the custody of the sheriff, cannot be discharged on *habeas corpus* upon the expiration of such term upon the ground that the day after such judgment was pronounced a second judgment sentencing the defendant to imprisonment in the county jail for the term of five months was rendered, there being no showing that the first judgment was not illegal in substance or form, and it not being shown that a certified copy of the first judgment was furnished to the sheriff under which he held the prisoner.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal, for the Third Appellate District, directed to the Sheriff of Solano County.

The facts are stated in the opinion of the court.

Paul C. Harlan, for Petitioner.

Arthur Lindauer, for Respondent.

HART, J.—The petitioner claims that he is unlawfully restrained of his liberty by the sheriff of Solano County, and asks that he be released from such restraint through the writ of *habeas corpus.*

Because of the absence of the other justices of this court, the writ was made returnable before me.

The general contention is that the said sheriff is holding the petitioner in his custody and in confinement in the county jail of the county named under a commitment based on a void judgment.

The petition alleges that the petitioner was, on the seventeenth day of January, 1916, regularly sentenced by the superior court in and for the county of Solano, to imprisonment in the county jail of said county for the term of ninety days for selling alcoholic liquor within no-license territory in said county; that, immediately upon being sentenced, the petitioner was delivered to the custody of the sheriff of said county and by him was confined in the county jail under said judgment or sentence; that "said sentence commenced to run and said Edward Long commenced to serve and undergo said sentence on said January 17, 1916, and has been continuously ever since said January 17, 1916, and is now, imprisoned and confined in said county jail; that said Edward Long has served more than the said ninety days' sentence, and is now, and has been, ever since April 17, 1916, restrained of his liberty by said sheriff as aforesaid, in said county jail, without legal warrant or excuse or authority." The return of the sheriff to the writ consists of the commitment upon which he holds the petitioner in custody, and which is a duly certified copy of the judgment rendered and entered against the petitioner by the superior court of Solano County. Said commitment, after setting forth the title of the court and cause, and designating the offense of which the petitioner was by the information accused, recites: "The district attorney, with the defendant, came into court. The defendant was duly informed by the Court of the nature of the information filed on the 17th day of January, 1916, charging him with the crime of selling liquor in No-license Territory, committed on the 11th day of January, 1916, of his arraignment and plea of guilty as charged. The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replies that he has none. And no sufficient cause being shown or appearing to the Court, thereupon the Court rendered its judgment: That, whereas, the said Edward Long, having been duly convicted in this Court of the crime of selling liquor in No-License Territory, it is, therefore, ordered, adjudged and decreed that the said Edward Long be punished by imprisonment in the county jail of Solano County

for the term of five months and that he pay a fine of one hundred dollars. The defendant was then remanded to the Sheriff of Solano County to be by him so imprisoned."

The return was not formally traversed or controverted or demurred to. The petitioner, however, filed and introduced in evidence a certified copy of certain entries made by the clerk of the trial court in the criminal register of said court, disclosing that a judgment of imprisonment for ninety days in the county jail of Solano County, and a fine of fifty dollars, had been pronounced against the petitioner prior to the time at which the judgment under which he is now undergoing punishment was pronounced.

At the hearing before me, evidence, oral and documentary, relating to the proceedings involving the rendition of both the first and second judgments, was offered and objected to by the district attorney of Solano County, representing the respondent, and by the attorney for the petitioner. These objections (by the district attorney) were based upon the ground that a judgment in a criminal case, valid on its face, cannot, in a collateral proceeding, be impeached by evidence *de hors* the judgment or the record itself.

My conclusion is that the record of the proceedings as made in the court below at the time of the pronouncement of judgment may be considered for the purpose of ascertaining whether the judgment under which the petitioner is now being held was or was not one which the court had jurisdiction to render against the accused. (*Ex parte Dela,* 25 Nev. 346, [83 Am. St. Rep. 603, 60 Pac. 217], and cases therein cited.)

The offense to which the petitioner pleaded guilty, and for which he is now undergoing the imprisonment of which he here complains, consisted of his violation of the local option law passed by the legislature of 1911. (Stats. 1911, p. 599.)

Section 19 of said act prescribes the following penalties for the violation of the provisions thereof:

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding six hundred dollars, or by imprisonment in the county jail not exceeding seven months, or by both such fine and imprisonment; but any person found guilty of violating any of the provisions of this act, by conviction for an offense committed after a previous conviction under this act, shall be punished by a fine not

exceeding six hundred dollars nor less than one hundred dollars, and by imprisonment in the county jail not exceeding seven months, nor less than one month.''

It will be observed that, by the foregoing section, the court is authorized to impose a heavier penalty in the case of a prior conviction of the accused of the crime of violating the provisions of said statute.

The specific contention of the petitioner is: 1. That, since there is no allegation in the information of a prior conviction of the petitioner of an offense against the statute in question, the court was without jurisdiction to pronounce against him a sentence conformably to the theory of a prior conviction. 2. That, when the court, on the seventeenth day of January, rendered judgment against the petitioner, and the latter thereupon delivered over to the sheriff to be by that officer confined in the county jail in execution of said judgment, the court then and thereupon lost all further jurisdiction of the case, and, therefore, exceeded its jurisdiction in setting aside the said judgment and pronouncing another and different judgment; that the later judgment is, consequently, absolutely void.

The proceeding before me as it now stands is: That the return made to the writ, showing the authority of the sheriff for holding the prisoner, contains a duly certified copy of the judgment, whereby the petitioner was, on the eighteenth day of January, 1916, sentenced to imprisonment in the county jail of Solano County for the term of five months and to pay a fine of one hundred dollars; that to overcome or countervail the effect of said judgment, the petitioner has presented, not a certified copy of another and different judgment for the same offense, but the record of entries in the criminal register of the trial court showing that on the seventeenth day of January, 1916, the petitioner had been sentenced to imprisonment for a term of three months and to pay a fine of fifty dollars for (presumably) the same offense.

The single question submitted by a proceeding in *habeas corpus* is always one of jurisdiction. If it appears that it was within the lawful jurisdiction of the court or tribunal to do the act or pronounce the judgment assailed through such a proceeding, then the inquiry is at an end, even though it be made to appear that the court or the tribunal in doing the act or pronouncing the judgment committed irregularities or

errors which, on appeal, might be held sufficient to vitiate the act or judgment.

It will not for a moment be doubted that the court had jurisdiction to pronounce such a judgment as the one here complained of under the statute upon which the information filed against the petitioner is founded. Nor will it be doubted that, where a court has pronounced an illegal judgment, or a judgment illegally, in a case of which it has jurisdiction under the law, such court may thereafter and before execution of such judgment is commenced, set the same aside and pronounce a legal judgment, or a judgment in conformity to the requirements of the law. (*Ex parte Gilmore,* 71 Cal. 624, [12 Pac. 800] ; *Matter of Robbins,* 27 Cal. App. 677, [151 Pac. 14].) Neither the return to the writ, nor the record in the case as certified by the clerk of the court below and presented as in answer to the return, discloses the reason for the making of the order vacating the purported judgment first rendered, and, therefore, it has not been made affirmatively to appear from the return or the answer thereto, nor, indeed, by any of the records of the case as presented here, whether the court had, in pronouncing the first judgment, exhausted its jurisdiction in this particular case so that it was without authority to set it aside and pronounce the second judgment. It does not affirmatively appear that, upon the rendition of the first judgment, or at any time, a certified copy of said judgment was furnished the sheriff, which certified copy is the sole warrant or authority necessary to justify or require the execution thereof by the sheriff. As has been shown, it is merely made to appear in the proceeding before me, that the sheriff holds the prisoner on a commitment which, on its face, is valid and *prima facie* legal and sufficient to warrant the officer in restraining the petitioner; that the petitioner, in attempting to discharge the burden resting upon him to impeach the *prima facie* showing so made, introduced the entries in the register of criminal cases showing the previous judgment. I cannot perceive how the showing thus made by the petitioner can in a *habeas corpus* proceeding be held to be sufficient to disclose that the court had been divested of jurisdiction to pronounce the judgment last rendered. In other words, I cannot say upon the showing made by the petitioner in impeachment of the commitment by authority of which the sheriff now detains him, is such as to require the latter to be disregarded or held

to be illegal and invalid. (*Ex parte Williams*, 89 Cal. 421, 425, [26 Pac. 887].)

While it is true, as stated, that upon the record of the case itself, the reason for the setting aside of the judgment pronounced on January 17th does not appear, it was nevertheless otherwise disclosed in this proceeding. The district attorney offered in evidence the stenographer's report of the proceedings in *habeas corpus* in this case before the superior court of Solano County, the petitioner having thus attempted to secure his discharge from custody after he had served a term of three months in the county jail. While I do not regard the evidence so offered as material or important to the determination of the issue presented here which involves, obviously, the single question whether the judgment herein and hereby assailed was within the jurisdiction of the court to impose, I shall briefly rehearse the facts as so disclosed, assuming them to be the admitted facts of the matter, since the evidence showing them was offered by the respondent and not denied by the petitioner.

It appears from the said report of the stenographer that the petitioner was arraigned, pleaded guilty, and was sentenced late on the afternoon of the seventeenth day of January, and just about the time for the adjournment of the court for the day. After the case was disposed of, the judge and the county clerk left the courthouse together, and the conversation between them turned on the petitioner's case. The clerk asked the judge what sentence he had imposed, and, upon being informed by the judge of the extent of the punishment, the clerk suggested that the petitioner had once before been convicted of violating the same statute and stated that he could, therefore, not understand how the sentence, so far as the fine was concerned, could be less than one hundred dollars. The judge replied that the matter had been rushed through and that he had not had time to consider the provision of the statute as to a second conviction; that he would on the following morning set aside the judgment which he had pronounced and render a judgment in accordance with the fact of the petitioner's previous conviction. It was further made to appear that, prior and up to the time of his arraignment and plea of guilty on the 17th, the petitioner had been in the custody of the sheriff and confined in the county jail awaiting trial upon the charge to which he on that day pleaded guilty; that upon said judgment being pronounced, the sheriff imme-

diately returned the prisoner to the county jail, said officer, as seen, having been furnished no certified copy of the said judgment as his authority for holding him under said judgment.

Conceding the above to be a true history of the proceedings involving the pronouncement and the setting aside of the first judgment and the rendition of the second judgment, still there is nothing therein from which it may be said that the court went beyond its power, legally, in setting aside the first judgment or acted in excess of its jurisdiction in pronouncing the second judgment. It is not made to appear by that evidence that the first judgment was not illegal in substance or form, and if the first judgment was illegal, the purported sentence thereunder could not begin to run upon the confinement of the petitioner in the county jail under such judgment, nor, indeed, could it legally begin to run at all.

While it is the claim, and it may be true, that the second judgment was pronounced upon the theory of a prior conviction of the petitioner of a similar offense, it is also true that the penalty imposed by the court by its second judgment is one which may legally be inflicted where the accused has not been convicted of previously violating the local option law. And it cannot be told from the judgment or the record itself of the proceedings in the court below involving the sentencing of the petitioner whether the judgment was based upon a first conviction only, or upon a conviction and a prior conviction of a violation of the statute. The fact that it might have been based upon the theory of a second conviction is made to appear only, as has been shown, by the stenographer's report of the proceedings in *habeas corpus* before the superior court after the petitioner had served ninety days of his sentence. But, conceding that the sentence was based on the provision of section 19 as to a prior conviction, still the jurisdiction of the court to pronounce the second judgment is not impeached by anything disclosed by the record before me.

It is true that the information does not charge a prior conviction under the local option law. Nor is it made to appear that the court, before pronouncing judgment, received evidence showing a prior conviction of the petitioner. But, assuming that, to have authorized the court to impose a penalty according to the fact of a prior conviction, it was essential that such prior conviction should have been pleaded and

30 Cal. App.—29

proved, or at the least proved, yet omission to plead the fact, if it was necessary to do so, or failure in any event to prove it, could not affect the jurisdiction of the court to pronounce the judgment, but would merely constitute an error or irregularity which would not render the judgment absolutely void, or subject it to annulment otherwise than through an appeal supported by a duly authenticated record disclosing the error or irregularity. (*Ex parte Max,* 44 Cal. 579, 581.)

My conclusion is, as must be manifest from the foregoing discussion, that want of jurisdiction in the court to pronounce the judgment challenged by this proceeding has not been shown.

The writ is, therefore, discharged, and the petitioner remanded.