[Crim. No. 513.   Third Appellate District.—April 30, 1920.]

In the Matter of the Application of WILLIAM GOTT-SCHALK for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—VARYING TERMS OF JUDGMENT—POWER OF JUSTICE OF PEACE.—A justice of the peace has no power, after the commencement of the execution of a judgment giving the defendant the option of avoiding imprisonment by the payment of a fine, to enter an order purporting to withdraw the option and directing the imprisonment of the defendant.

[2] ID.—APPEAL TO SUPERIOR COURT—DENIAL OF NEW TRIAL—STATEMENT OF CASE—JUDGMENT-ROLL—CONSIDERATION OF BY APPELLATE COURT UPON HABEAS CORPUS.—The statement on appeal from a justice's or police court to the superior court in criminal cases the triable jurisdiction of which is in the first named courts constitutes a part of the judgment-roll or judgment record of the case in the

superior court, where a new trial is denied; and, upon *habeas corpus*, in a criminal case so appealed to the superior court, where a new trial has been denied, it is competent and proper for the district court of appeal to look into the facts as they are presented in the statement on appeal to the superior court for the purpose of determining the question whether the justice's or police court exceeded its jurisdiction in the pronouncement of judgment of imprisonment. (Concurring opinion.)

APPLICATION for a Writ of Habeas Corpus. Petitioner discharged.

The facts are stated in the opinion of the court.

Edward J. Lynch, C. E. McLaughlin and C. P. McLaughlin for Petitioner.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

PREWETT, P. J., *pro tem.*—This is an application for a writ of *habeas corpus*. It appears from the statement of the facts accompanying the petition that one J. H. Anderson labored as a dredgerman for the Dutton Dredging Company from 12 o'clock noon on April 30th until about 7 A. M. on the seventh day of May. His working hours were so disposed that he worked twenty-four hours in each three days, not working, however, the same number of hours each day. Up to 12 o'clock noon on May 6th he had worked forty-eight hours. His only work during the seventh twenty-four hours was from midnight until 7 A. M. on May 7th, when he voluntarily quit work. This lacks one hour of being seven full days. The company paid him for seven days and one hour in conformity with his claim that he worked on the last day until 9 A. M. The check which he received was for $26.30, which overpaid him in the sum of about twenty cents. He claimed that he should have received about three dollars more, but his own figures do not justify this claim.

At the time that he quit work the foreman made out and delivered to him a time-check for $26.30, which check he accepted without making any claim that the amount was too small. With reference to this time-check he testified as follows: "I told him [the foreman] that I would call at the

office of the company in San Francisco and collect the money. Afterward I changed by mind and went to Sacramento instead. I did not tell the foreman that I had gone to Sacramento until several days later. The day after going to Sacramento I sent my time-check to the Dredgermen's Union in San Francisco and left it there for collection. I received the check for $26.30 about the same day that I swore to the complaint.'' The time-check was not presented to the company until about May 21st, and it was paid to the Dredgermen's Union on May 22d. The money did not reach the complainant until the following day. The defendant himself resides in San Francisco and he did not have any dealings directly with Anderson. The latter did not at any time notify the company that he wanted any new provision to be made about the payment of the time-check. The justice of the peace found the defendant guilty and pronounced judgment. **[1]** The judgment, as originally entered, gave the defendant the option of avoiding the imprisonment by the payment of the fine. Later, however, the justice entered an order purporting to withdraw the option and directing the imprisonment of the defendant. This order was made after the defendant was taken into custody. It is true that the order directed that the fine be paid ''forthwith,'' but all fines are payable forthwith, and the use of that word added nothing to the legal effect of the judgment. It is held in *Ex parte Sullivan*, 3 Cal. App. 193, [84 Pac. 781], that a justice of the peace has no power, after the commencement of the execution of a judgment, to vary its terms adversely to the defendant.

The petitioner is discharged.

HART, J., Concurring.—I concur in the judgment, but am of the opinion that one point not considered in the main opinion should be given some notice.

**[2]** At the oral argument and in the briefs, the question whether, upon *habeas corpus*, this court may, in a case cognizable in justices' or police courts, examine the facts as embraced in the statement on appeal to the superior court, was discussed and vigorously affirmed by the petitioner and likewise denied by the attorney-general.

Section 1468 of the Penal Code, which is embraced within the chapter and title of the Penal Code regulating the mat-

ter of appeals in misdemeanor cases from justices' and police courts, provides: "The appeal to the superior court from the judgment of a justice's or police court is heard upon a statement of the case settled by the justice or police judge, embodying such rulings of the court as are excepted to, which statement must be filed with and settled by the court within ten days after filing notice of appeal."

I am of the opinion that the statement on appeal from a justice's or police court to the superior court in criminal cases the triable jurisdiction of which is in the first named courts constitutes a part of the judgment-roll or judgment record of the case in the superior court, where a new trial is denied. I am therefore, of the opinion that, upon *habeas corpus*, in a criminal case so appealed to the superior court, where a new trial has been denied, it is competent and proper for this court to look into the facts as they are presented in the statement on appeal to the superior court for the purpose of aiding us in the determination of the question whether the justice's court exceeded its jurisdiction in the pronouncement of judgment of imprisonment. I do not herein intend to intimate how far this or the superior court would be permitted to go in this respect in a proceeding on *habeas corpus* where, upon a judgment of conviction and sentence in the justice's or police court, there has been no appeal to the superior court and the petition for the writ is based entirely on the proceedings in the said inferior court.

It follows that, in this case, this court was legally authorized to examine the facts contained in the statement on appeal to the superior court, and that for the reason stated in the main opinion the petitioner is entitled to his discharge.

Burnett, J., concurred.