[Crim. No. 744.   Third Appellate District.—November 28, 1923.]

In the Matter of the Application of O. N. HUMPHREY for a Writ of Habeas Corpus.

[1] INTOXICATING LIQUORS—SECOND OFFENSE UNDER WRIGHT ACT—IMPRISONMENT IN STATE PRISON—EXCESS OF JURISDICTION.—Inasmuch as the Volstead Act, the penal provisions of which are adopted by the Wright Act (Stats. 1921, p. 79), contains no provision as to the place of imprisonment, but merely provides that "for a second or subsequent offense" a person shall be fined and "be imprisoned not less than one month nor more than five years," a court exceeds its jurisdiction in sentencing a defendant to pay a fine and to be imprisoned in the state prison upon his conviction of a second offense.

[2] ID.—SENTENCE PARTIALLY VALID—JURISDICTION TO RESENTENCE——RIGHT TO DISCHARGE.—Where a sentence imposed is wholly void it is within the power of the trial court to pronounce a valid sentence; but where the part of a sentence imposing a fine is valid, and the other part purporting to impose a term of imprisonment in a state prison is invalid, the power of the court to sentence the defendant is exhausted, and he is entitled to be discharged from imprisonment.

PROCEEDING in Habeas Corpus to secure the release of a defendant sentenced to the state prison following conviction of a second offense under the Wright Act. Petitioner discharged from custody.

The facts are stated in the opinion of the court.

---

1.   Construction and effect of the Volstead Act, note, 10 A. L. R. 1553.

Ray T. Coughlin, G. J. Raymond, S. Luke Howe, R. B. Hibbitt and Markham Johnston for Appellant.

J. J. Henderson, District Attorney, and Ben P. Tabor, Deputy District Attorney, for Respondent.

FINCH, P. J.—This is an application for a writ of *habeas corpus.*

Petitioner was charged with the unlawful sale of intoxicating liquor and with a prior conviction of a like sale. He admitted the prior conviction and was convicted of the unlawful sale charged. [1] The court sentenced him to pay a fine of $1,000 and to be imprisoned in the state prison "for the term provided by law." Petitioner contends that the court exceeded its jurisdiction in sentencing him to imprisonment in the state prison.

The Wright Act adopts by reference "the penal provisions of the Volstead Act." (Stats. 1921, p. 79.) Such provisions thereby became a part of the law of this state to the same effect as if they had been set out at length in the adopting act. (*Ex parte Burke*, 190 Cal. 326 [212 Pac. 193].) Section 29 of the Volstead Act provides: "Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years." (Fed. Stats. Ann., 1919 Supp., p. 215 [U. S. Comp. Stats., Ann. Supp. 1923, sec. 10138½p].) The act contains no provision as to the place of imprisonment, nor does it specify whether the offenses therein enumerated shall constitute felonies or misdemeanors. If the offense of which petitioner was convicted is a misdemeanor only, then the court exceeded its powers in sentencing him to imprisonment in the state prison. In a case in which the defendant had been sentenced to imprisonment in a penitentiary contrary to law it is said: "The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers." (*Ex parte Mills,* 135 U. S. 263 [34 L. Ed. 107, 10 Sup. Ct. Rep. 762, see, also, Rose's U. S. Notes].)

Section 17 of the Penal Code provides: "A felony is a crime which is punishable with death, or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." The term "punishable by imprisonment in the state prison" implies, of course, an imprisonment expressly authorized by law, either by directly providing for imprisonment in such prison as a punishment for the commission of a particular offense or by denominating the offense a felony and providing generally for such imprisonment of those convicted of felonies for which a specific punishment is not prescribed. (See, generally, *Brooks* v. *People,* 14 Colo. 413 [24 Pac. 553]; *Ex parte Cain,* 20 Okl. 125 [93 Pac. 974]; *Ex parte Smith* (Okl. Cr.), 218 Pac. 708.) The question here presented is not a new one in this state. In the case of *Union Ice Co.* v. *Rose,* 11 Cal. App. 357 [104 Pac. 1006], the court had under consideration the provisions of the Cartwright law (Stats. 1907, p. 984), making certain acts punishable by imprisonment for not less than six months nor more than one year, without specifying the place of imprisonment. After quoting the definition of a felony contained in section 17 of the Penal Code, the court said: "The conclusion would therefore seem irresistible that, since the offense is clearly a crime for which a penalty is imposed, the punishment for which, however, is not that prescribed for a felony, it must necessarily and logically follow that it is a misdemeanor." The determination of the question was necessary to the decision in that case and a hearing was denied by the supreme court. It may be said, therefore, that petitioner's contention is sustained by the decision of the court of last resort in this state.

Section 335 of the Penal Code of the United States provides: "All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies." (7 Fed. Stats. Ann., 2d ed., p. 987 [U. S. Comp. Stats., sec. 10509].) Basing his argument upon the provisions of this section, the district attorney contends that, since more than one year's imprisonment may be imposed

for a second offense of selling liquor, the crime is a felony under the federal law and is, therefore, made a felony under the state law by the adoption of the penal provisions of the Volstead Act. The argument is fallacious in assuming that the word "felony" has a fixed and certain meaning, whereas the word may have as many meanings as there are law-making bodies. Under the federal law, the question whether a crime, not punishable by death, is a felony or a misdemeanor depends upon the term of imprisonment which a court is authorized to impose, while under the state law it is determined by the place of imprisonment, the term of imprisonment authorized not being a factor. The Penal Code provides for the maximum term of imprisonment for the commission of certain felonies, without prescribing a minimum term. In such cases, under the provisions of section 18a of the Penal Code, a defendant could be imprisoned in the state prison for as short a term as six months, but the offense would be a felony notwithstanding the short term. On the other hand, section 245 of the Penal Code authorizes imprisonment in the county jail for a term of ten years for assault with a deadly weapon. If a defendant were so sentenced for the maximum term, the offense would not thereby lose its classification as a misdemeanor. Section 5541 of the Revised Statutes of the United States provides: "In every case where a person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any State jail or penitentiary within the district or State where such court is held, the use of which jail or penitentiary is allowed by the legislature of the State for that purpose." (8 Fed. Stats. Ann., 2d ed., p. 278 [U. S. Comp. Stats., sec. 10527].) It has been held that the words "state jail" and "penitentiary" as used in this section mean the same thing. (*Ex parte Mills, supra.*) If the imprisonment imposed, though for a felony, be for a shorter term than one year, the defendant cannot be confined in a penitentiary, or "state jail." (*Ex parte Mills, supra.*) It thus clearly appears that the word "felony" as used in the federal laws means something different from the word "felony" in the state laws, and there is no more reason to hold that it was intended by the Wright Act to adopt the

federal classification of crimes than there would be if the federal law had used the term "high misdemeanor" instead of the word "felony" in section 335.

Section 19 of the Penal Code provides: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both." The district attorney says: "Under section 19 of the Penal Code except where a different punishment is prescribed by that code the maximum period of imprisonment in a county jail shall not exceed six months. No different punishment for a sale after a prior conviction of sale under the Wright Act or Volstead Act *is* prescribed in the Penal Code." If this statement is intended as an argument to the effect that section 19 limits imprisonment in the county jail for a second offense of selling liquor to a period of six months, while other complete answers might be made, it is sufficient to say that section 19 was adopted in 1872, and that it is elementary that the legislature of 1872 was without power to tie the hands of the legislature of 1921.

[2] If the sentence imposed by the court were wholly void it would still be within the power of the trial court to pronounce a valid sentence of imprisonment in the county jail. Petitioner, however, argues that the part of the sentence imposing a fine is valid, and that, therefore, the power of the court to sentence him is exhausted, and that he is entitled to be discharged from imprisonment. To this contention the district attorney makes no reply. Petitioner's contention seems to be well founded. (*In re Sullivan,* 3 Cal. App. 193 [84 Pac. 781].)

The petitioner is discharged from custody.

Plummer, J., and Hart, J., concur.