[Crim. No. 1701. Second Appellate District, Division Two.—November 1, 1928.]

In the Matter of the Application of L. L. BATEMAN for a Writ of Habeas Corpus.

Dorris & Henderson for Petitioner.

Brittan & Brittan for Respondent.

CRAIG, J.—The petitioner seeks his liberty through a writ of *habeas corpus*. In a police court of the city of Bakersfield he was charged with unlawful possession of intoxicating liquor, and on June 27, 1928, he pleaded

guilty to said charges and waived time for sentence. The allegations of the petition as to what was said and done by the police judge at that time being controverted by the return to this court, evidence was received in that behalf.

Upon that issue we find that the judge orally rendered and pronounced judgment and sentence that the defendant pay a fine in the latter's presence, but did not state to him that he be confined in the county jail in the event that such fine be not paid. However, the judge did then write upon the complaint, ''or 180 days,'' and two days later the judge wrote on the complaint, ''given to July 3rd to get the fine.''

Respondent interposes a preliminary objection that petitioner has mistaken his remedy, and that even though the facts be as claimed by him, he may secure relief by appeal, and not otherwise. We have no doubt that if petitioner's contention is sound as to the main legal issue involved, his only speedy and adequate remedy is through a writ of *habeas corpus.*

The issue presented resolves itself into this: Are the words, ''or 180 days,'' written by the police judge at the time of pronouncing sentence in open court, legally a part of the judgment? If so, of course, since it is undisputed that the fine has not been paid, the imprisonment is regular and lawful. If not, the commitment is unauthorized and the petitioner's imprisonment is illegal.

It is most seriously argued that since, if the conviction be of a misdemeanor, section 1193 of the Penal Code permits judgment to be pronounced in the absence of the defendant, the sentence may be written by the court and need not be stated orally. But we think that in so far as the question here involved is concerned the controlling word in the above section is ''pronounced.'' The only decision which we have been able to find bearing upon the subject suggesting a judicial definition of the word ''pronounce'' is *Ex parte Crawford,* 36 Tex. Cr. 180 [36 S. W. 92]. It is there stated that to ''pronounce sentence'' is to ''utter formally, officially, or solemnly; to declare or affirm.'' Wherever in the Penal Code the sentencing of convicted persons is the subject of legislation, the court's action in that behalf is designated as the ''pronouncement of sen-

tence," or some other form of the word "pronounce" is employed.

To "pronounce" always implies uttering, speaking, orally declaring that which is pronounced. Webster defines it as, "to give an articulate utterance to; to make sounds of." Without an oral articulation of a sentence, it would not be pronounced. To write a sentence is not the pronouncing of it. Nor do we find any provision in the law for judgment being rendered in a criminal case by the court writing it. We conclude that in this instance the only sentence which was given was that which was pronounced orally, and that the words written by the judge, "or 180 days," form no part of this judgment.

The writ is granted and the petitioner is discharged.

Works, P. J., and Thompson, J., concurred.