[Crim. No. 1767. Second Appellate District, Division One.—March 4, 1929.]

In the Matter of the Application of J. W. GARRITY for a Writ of Habeas Corpus.

John F. Murphy and J. Howard Zieman for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

HOUSER, Acting P. J.—*Habeas corpus.* From the application for, and the return to, the writ herein it appears that following the conviction of J. W. Garrity of the crime

of conspiracy to violate the Corporate Securities Act (Stats. 1917, p. 673, as variously amended), and on October 31, 1928, judgment was pronounced by the trial court by which the said Garrity was sentenced to pay a fine of $5,000, with no alternative for the payment of such fine. Although the record herein does not disclose the fact, it is conceded by respective counsel that at the time of the conviction of the defendant of the said crime of conspiracy he was also convicted of the commission by him of certain other offenses, as to which, under certain specified conditions, the execution of the judgment was suspended; that after judgment had been pronounced by the trial court, and pending an investigation relative to a decision by the trial court as to whether "probation" (or suspension of the judgment) should be granted to the defendant as to his conviction of the charge of conspiracy, a stipulation was entered into between counsel respectively representing the defendant and the prosecution to the effect that a delay by the trial court beyond the statutory period in reaching a conclusion as to the matter of "probation" for the defendant, would in nowise affect the power of the court in the premises. In that connection, attention is directed to the fact that the return to the writ herein contains a record of the minutes of the trial court of date December 6, 1928, in substance that as of that date, "by stipulation, matter of probation and sentence is reopened. . . . Further hearing on probation and sentence is continued to December 20, 1928, at 10:00 A. M. If fines of $5,000 each are not paid by December 20, 1928, the defendants shall be remanded to the Sheriff of Los Angeles county to be confined in the county jail until paid out at the rate of $8 per day. By stipulation, any irregularity in sentence is waived."

On December 20, 1928, among other things, the minutes of the trial court contain the following: " . . . Defendant J. W. Garrity is committed to the custody of the Sheriff of Los Angeles county until his fine of $5,000 is paid, or until it is paid at the rate of one day for each $8 of fine not paid."

By section 14 of the Corporate Securities Act (Stats. 1917, p. 673, as variously amended), any one of several penalties therein provided may be imposed for the violation of

the act, to wit: "imprisonment in the state prison not exceeding five years, or in a county jail not exceeding two years, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment." It is therefore clear that in accordance with the terms of the statute, in the first instance, to wit: on October 31st, the trial court had authority to render a judgment by which a fine only would be imposed. The record shows that the judgment rendered at that time was that the defendant pay a fine only; but that some weeks later the trial judge attempted to modify the judgment so that if the fine were not paid voluntarily the defendant would be obliged to serve an indefinite term in the county jail "until it is paid out at the rate of one day for each $8 of fine not paid."

The point made by the applicant herein is that sentence of a fine of $5,000, without any alternative therefor, having been originally imposed on October 31, 1928, the trial court was without jurisdiction at a later date, to wit, on December 20, 1928, to modify its judgment by at that time providing an alternative in case the fine were not paid.

The contention of the respondent is that by section 1205 of the Penal Code the action taken by the trial court was fully authorized. That section is as follows:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

In the case entitled *In re Kennerly,* 190 Cal. 774 [214 Pac. 857], where the authorities affecting the question are reviewed, it is ruled that on conviction of an offense where the governing statute provides for punishment by fine, the judgment may direct imprisonment at a specified rate per day until the fine be satisfied. It has also been held that the payment of the fine is the punishment imposed by the court and that the alternative of imprisonment is not by way of punishment, but is merely the method of enforcing the satisfaction of the fine. (*Ex parte Kelly,* 28 Cal. 414; *Ex parte Crittenden,* 62 Cal. 534; *Ex parte Karlson,*

160 Cal. 378 [Ann. Cas. 1912D, 1334, 117 Pac. 447]; *In re Kennerly, supra.*) However, the distinction should be noted that as to each of the foregoing authorities no time elapsed between the imposition of the fine and the alternative relating thereto—the two propositions having been contemporaneously pronounced by the court—whereas in the instant case the judgment by which the fine was imposed preceded the alternative by several weeks.

In the case of *In re Sullivan,* 3 Cal. App. 193 [84 Pac. 781], it appeared that the defendant was convicted of the crime of assault with a deadly weapon; whereupon the trial court rendered judgment that the defendant pay a fine of $700 and directed that if the fine were not paid the defendant be imprisoned in the state prison "until the fine was satisfied at the rate of $2 per day." Five days later the trial court vacated the judgment in the action and rendered another judgment therein which was identical with the first, except that the county jail (instead of the state prison) was designated as the place of imprisonment "in case the fine was not paid." It was held that in rendering the second judgment the court was without jurisdiction. In passing upon the point, in part the court said: " . . . The moment legal restraint was imposed as a means of enforcing the payment of the fine, that moment the execution of the judgment was commenced, and the power of the court was exhausted, and its jurisdiction to recall, annul, or change its judgment was at an end. In our opinion the court must exercise the discretionary power conferred by section 1205 of the Penal Code, *when the original judgment is rendered, or else the power to make the direction therein provided for is lost.* The judgment originally rendered must, under the very terms of the statute, contain such direction, or else this method of enforcing payment of the fine does not exist. *If the court had imposed a fine of $700 on petitioner, and said nothing about imprisonment until the fine was paid, it would hardly be contended that such direction could, for any reason or cause, be inserted at some subsequent time.* If no such direction is made, the judgment can only be enforced as provided in sections 1206 and 1214. A void direction has the same effect, and in that event the methods of enforcing the judgment just mentioned are exclusive. The

invalidity of the judgment last pronounced is apparent on its face, and hence the writ of *habeas corpus* will lie." The doctrine of that case is affirmed in *In re Humphrey*, 64 Cal. App. 572, 576 [222 Pac. 366]. And in principle the ruling is the same in *In re Gottschalk*, 47 Cal. App. 260 [190 Pac. 649]; *In re Bouchard*, 38 Cal. App. 441 [176 Pac. 691].

Although in different jurisdictions the authorities are not entirely harmonious one with the other, in the case of *State v. Rice* (1920), 145 Minn. 359 [177 N. W. 348], it is held that one sentenced to pay a fine cannot be imprisoned to enforce the payment thereof unless such condition be imposed at the same time that the judgment to pay the fine is rendered. (See, also, *Ex parte Grove* (1927), 43 Idaho, 775 [254 Pac. 519]; *Daley v. City of Decatur* (1921), 18 Ala. App. 141 [90 South. 69].)

In the instant case, with reference to the authority of the trial court to modify its judgment, this court is led to the conclusion that the trial court was without jurisdiction in the premises.

It may be remembered that, as shown by the record, by stipulation of the parties "irregularity in sentence" was "waived" by the defendant. It is clear by the authorities hereinbefore cited that after rendering the judgment in the first instance the jurisdiction of the trial court to thereafter modify its judgment was exhausted and that lack of jurisdiction in the matter could not be waived nor jurisdiction be stipulated by the defendant. (See, also, *Mintie v. Biddle*, 15 Fed. (2d) 931; *People v. Penn*, 302 Ill. 488 [135 N. E. 92].)

It is ordered that the defendant in the lower court be discharged from custody.

York, J., concurred.

Crail, J., *pro tem.*, being disqualified, did not participate in the foregoing decision.