[Civ. No. 10873. First Appellate District, Division Two.—August 18, 1938.]

H. L. McALLISTER, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

H. L. McAllister, *in pro. per.*, and Reed M. Clarke for Appellant.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and James H. Oakley and Lynn J. Gillard, Deputies District Attorney, for Respondent.

SPENCE, J.—Petitioner seeks a writ of prohibition to restrain the respondent court from enforcing the alternative provisions of the sentence imposed upon petitioner by the respondent court in a criminal action.

The minutes of said court show that petitioner was convicted of the crime of conspiracy to violate section 17 of an act known as the General Cemetery Act (Stats. 1931, p. 2443), and that after he was duly arraigned for sentence on March 2, 1936, the trial court ordered that petitioner "pay a fine of $900.00, said fine to be paid at not less than $25.00 per month beginning on June 1st, 1936, and each and every month thereafter until said fine be satisfied; and in default of payment of said fine he be confined in the County Jail of the County of Alameda at the rate of one day's imprisonment for each $5.00 of said fine unsatisfied, imprisonment however not to exceed six (6) months". No appeal was taken from said judgment. It appears that petitioner has paid a portion of said fine but is delinquent in making the further payments as ordered. It also appears that petitioner has been directed to appear before the respondent court for the purpose of making the delinquent payments or being remanded to the custody of the sheriff in conformity with the alternative provisions of said judgment.

Certain further facts should be stated as these facts were substantially alleged in the petition and constituted the basis for the issuance of the alternative writ herein. These facts are undisputed but respondents contend that they are not material on this proceeding. It appears that on the day set for sentence, petitioner and two codefendants were before the court. Motions for new trial were denied and motions for reference to the probation officer were made by the other defendants and granted. During these proceedings, petitioner was arraigned for sentence and the reporter's transcript shows that the respondent court ordered that defendant be fined $900, payable in monthly instalments of not less than $25 per month commencing on June 1st. It further appears that petitioner left the courtroom and that later on the same day, but before any judgment was entered, petitioner and his counsel returned to the courtroom, where the trial court stated that the alternative pro-

vision had been inadvertently omitted. It was then ordered that in the event of default, petitioner be confined in the county jail at the rate of one day for each $5 of said fine remaining unpaid, not exceeding a total period of six months.

In support of his contention that the respondent court was without jurisdiction to impose the alternative provision at the time and in the manner above set forth, petitioner cites and relies upon *In re Claudette,* 21. Cal. App. (2d) 688 [69 Pac. (2d) 1021], *In re Garrity,* 97 Cal. App. 372 [275 Pac. 480], *In re Bateman,* 94 Cal. App. 639 [271 Pac. 757], *In re Humphrey,* 64 Cal. App. 572 [222 Pac. 366], *In re Gottschalk,* 47 Cal. App. 260 [190 Pac. 649], and *In re Sullivan,* 3 Cal. App. 193 [84 Pac. 781]. Respondents make two replies. First, they claim that the trial court did have jurisdiction to so impose the alternative provision under the circumstances, citing *In re Long,* 30 Cal. App. 442 [158 Pac. 1056]; *In re Monckros von Vetsera,* 7 Cal. App. 136 [93 Pac. 1036]; *People* v. *Thompson,* 4 Cal. 238, and also some of the language found in the authorities cited by petitioner. Second, they claim that, in any event, petitioner is not entitled to the issuance of the writ of prohibition as the alleged invalidity of the judgment did not appear upon the face of the judgment roll. We believe the last-mentioned claim of respondents must be sustained and we do not deem it necessary to discuss the first.

 A proceeding in prohibition to restrain the enforcement of a judgment because of the claimed invalidity thereof constitutes a collateral attack upon the judgment. (*Hogan* v. *Superior Court,* 74 Cal. App. 704 [241 Pac. 584]; *Frey* v. *Superior Court,* 22 Cal. App. 421 [134 Pac. 733]; *Wiggin* v. *Superior Court,* 68 Cal. App. 398 [9 Pac. 646].) On such collateral attack, the judgment must be held to be valid unless the invalidity thereof appears upon the face of the judgment roll. (*Hogan* v. *Superior Court, supra; Fletcher* v. *Superior Court,* 79 Cal. App. 468 [250 Pac. 195]; *Burrows* v. *Burrows,* 10 Cal. App. (2d) 749 [52 Pac. (2d) 606].) From the authorities cited, it appears that the only evidence which is admissible upon such collateral attack is the judgment roll and that other evidence is inadmissible even though it might show that jurisdiction did not in fact exist.

■ Applying these principles to the proceeding before us, it is apparent that the writ should be denied. The judgment roll shows that but one judgment was pronounced and entered, which judgment contained the alternative provision under attack and which judgment appeared valid upon its face. The instant case is therefore distinguishable from the authorities cited by petitioner. There was no failure to "pronounce" the alternative provision as in *In re Bateman, supra;* the alternative provision, as pronounced and entered, was not invalid on its face as in *In re Humphrey, supra;* and there was no subsequent attempt to modify the judgment, as pronounced and entered, as was the case in *In re Claudette, supra, In re Garrity, supra, In re Sullivan, supra,* and *In re Gottschalk, supra.* In other words, the judgment roll shows no invalidity upon its face and the enforcement of the judgment may not therefore be restrained in this proceeding.

Petitioner claims that the foregoing principles are not applicable in criminal proceedings, and in support of said claim he cites *Mooney* v. *Holohan,* 294 U. S. 103 [55 Sup. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406]. As we read the decision in that case, it appears that the court was of the opinion that it was dealing with an exceptional situation in which the allegations of the petition were sufficient, if true, to show that the petitioner had been convicted in a proceeding which did not satisfy the requirements of the due process clause. The court stated, however, that petitioner had not applied to the state courts for a writ of *habeas corpus* upon the grounds stated in his petition and had not shown that remedy to be unavailable. The court said, "no decision of the Supreme Court of California has been brought to our attention holding that the state court is without power to issue this historic remedial process when it appears that one is deprived of his liberty without due process of law in violation of the Constitution of the United States". We do not believe that the decision in that case nor the decision of our Supreme Court which followed (*In re Mooney,* 10 Cal. (2d) 1 [73 Pac. (2d) 554]) is authority to sustain the claim that the foregoing principles are not generally applicable to criminal as well as civil proceedings. The Supreme Court of the United States was no doubt of the opinion that if a

criminal trial was had which did not satisfy the requirements of the due process clause of the Constitution of' the United States and said trial resulted in depriving a person of his liberty, such trial was the equivalent of no trial whatsoever and the judgment of conviction would be subject to collateral attack upon a showing of want of due process even though this did not appear upon the face of the judgment roll. We believe it proper to treat this decision, under the exceptional facts there alleged, as an exception to the general rules above stated.

The alternative writ is discharged and the peremptory writ is denied.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 17, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1938.