JOSÉ FERNANDO VÉLEZ PADILLA, known as FACUNDO, Petitioner and Appellee, v. CLODOMIRO SILVA, WARDEN OF THE DISTRICT JAIL OF MAYAGÜEZ, Defendant and Appellant.

No. 9204. Argued December 26, 1945.—Decided February 8, 1946.

636

E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General, and J. Rivera Barreras, for appellant. M. Figueroa del Rosario for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal by the warden of a district jail from a judgment granting a petition for a writ of habeas corpus. The petition for the writ was granted on the ground that the judgment sentencing the defendant was null and void.

In 1942 the petitioner was tried by a jury and convicted of involuntary manslaughter. · The record before us shows that the minute book of the secretary of the district court contains three entries which may. be summarized as follows: (1) on January 29, 1942, the defendant was tried by a jury and convicted of involuntary manslaughter, and this verdict was acepted by the court; (2) on February 6, 1942, a motion for new trial was overruled, and "the defendant not having given any reason why sentence should not be pronounced the Court proceeded to enter it, sentencing the defendant to 1½ years in jail, without costs as the defendant is insolvent. ... The Court leaves without effect this sentence until next Monday, and sets a bond of $1,500 for the purposes of appeal.";

(3) on February 9, 1942, the Monday in question, there was an entry that "the notice of appeal having been filed, the Court fixes for the provisional release of the defendant pending appeal a bond of $1,500."

On February 12, 1945, we dismissed for abandonment the appeal which had been filed on February 9, 1942.[1]

On April 2, 1945, the secretary of the district court issued a commitment to the warden for the imprisonment of the defendant. The commitment contained a statement by the secretary sumarizing the contents of the judgment sentencing the defendant as reflected by the aforesaid entry of February 6, 1942. On April 5 the defendant filed his petition for habeas corpus. The Government has appealed from the judgment of the district court granting the petition.

 Section 327 of the Code of Criminal Procedure provides that "When a judgment has been pronounced, a certified copy of the original thereof must be forthwith delivered to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or to require its execution." The Attorney General concedes that under our cases the commitment of April 2 was null because it did not contain a certified copy of the judgment as required by § 327. *Ex parte Alvarez*, 39 P.R.R. 846; *Ex parte Pesquera*, 17 P.R.R. 706; *People* v. *Buitrago*, 11 P.R.R. 446.

However, the secretary issued a new commitment on April 12, 1945, before the answer to the petition for habeas corpus was filed. This new commitment, which recited that it was being issued for delivery to the warden, included a certified copy of the entry of February 6, 1942. The new commitment consequently cured the aforesaid error, see *Ex parte Pesquera, supra*, p. 711; *Ex parte Germán*, 64 P.R.R. 378, 381, provided the entry of February 6 embodies in legal effect

---

[1] There is no explanation in the record as to why the Attorney General permitted three years to elapse before obtaining dismissal of the appeal for lack of prosecution.

the judgment of the court. We therefore turn to that question.

■■ Section 326 of the Code of Criminal Procedure reads as follows:

"Section 326.—When judgment upon a conviction is rendered the clerk must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction (if one) and must, within five days, annex together and file the following papers, which will constitute a record of the action:

1. The information, and a copy of the minutes of the plea or demurrer;

2. A copy of the minutes of the trial;

3. The charges given or refused, and the indorsements thereon; and,

4. A copy of the judgment."

The district court did not state its reasons for finding the judgment void. Presumably the judgment was held void because it appeared only in the entry of February 6 and was not drawn and signed by the judge. But there is no requirement in § 326 that the judgment must be in writing. Section 326 states only that once it is rendered, whether oral or written, "the clerk must enter the same in the minutes. . ." And if it is oral, a "copy of the judgment" under paragraph 4 of § 326 obviously consists of a copy of that portion of the minutes setting it out.

The appellee contends that under our construction of § 326 either paragraph 2, providing for a copy of the minutes of the trial, or paragraph 4, providing for a copy of the judgment, is in part surplusage. This is not necessarily true, as paragraph 2 might well be interpreted as covering the proceedings at the trial up to but not including judgment. But even assuming that paragraphs 2 and 4 do overlap to some extent, we fail to see how that compels us to read into § 326 a provision which it does not contain requiring written judgments in criminal cases.

This is in accordance with the view held in California. In commenting on § 1207 of the Penal Code of California, from which § 326 is copied, 8 Calif. Jur. § 482 states at pp. 464–5: "There is no form prescribed in the Penal Code as to what the judgment itself shall contain. . . . As against an objection that the judgment is void, the only material parts of the judgment are the statements of the offense for which the defendant has been convicted, omitting therefrom all that is contained in the previous papers, and the sentence of the court. The 'judgment', involving the pronouncement of sentence is generally orally rendered and delivered, and is usually in informal language, and the law requires it to be no more than that. If the judgment with sufficient clearness shows that it is the pronouncement of sentence by the court upon the verdict as returned, and the penalty imposed by such sentence is authorized by the statute under which the conviction was had, then the judgment satisfies the demand of the statute." See *Ex parte Bateman*, 271 P. 757 (Calif. 1927); *People* v. *Camp*, 183 P. 845, 850 (Calif. 1919); *People* v. *Fidelity & Deposit Co.*, 290 P. 59, 60 (Calif. 1930); 8 Calif. Jur. § 490; *Blickle* v. *Highbee*, 178 N.W. 680 (Mich. 1920); *Sloan* v. *Richey*, 143 S. W .(2) 119 (Tex. 1940); *Comm'r*. v. *Estate of Bedford*, 325 U. S. 283, 286. Cf. Annotation, 59 A.L.R. 521.

The appellee also argues that the entry of February 6 does not recite a judgment because the court left the judgment without effect until the following Monday, at which time the judgment was not entered anew or ratified. This is a frivolous contention. The terms of the entry indicate that the court had in mind that only execution of the judgment was temporarily suspended to give the appellee an apportunity to appeal, which he did on February 9. The judgment was therefore always in effect after February 9.

The appellee makes the further contention that the sentence was void because of the alleged failure to comply with § 110 of the Code of Criminal Procedure, which provides

that "A docket must be kept by the clerk of the district court denominated a 'Criminal Docket' in which he shall enter each criminal action and whatever proceedings are had therein. . ." But § 110 can have no effect on the validity of the sentence and commitment. They are controlled by the provisions of §§ 326 and 327, with which we have seen there was compliance herein.

Moreover, the Criminal Docket contained the following entry: "Judgment—Entered on February 6, 1942 (dispositive portion) Guilty, the defendant being sentenced to one and a half years in jail." There was therefore no violation of § 110. The very purpose of a docket is to supply a summary, not *verbatim,* account of the proceedings. That was accomplished here.

It must be concluded that the oral pronouncement of the court sentencing the defendant to one and a half years in jail, as recorded in the minutes of the secretary of February 6, 1942, was a valid judgment under the terms of § 326; and the action of the secretary in issuing a certified copy of the said entry in the minute book constituted compliance with § 327.[2] Undoubtedly it is the better practice for the judgment to be formally drawn and signed by the judge, and we recommend that the district courts follow this practice. But there is no requirement of law to that effect.[3]

The judgment of the district court will be reversed and a new judgment entered dismissing the petition for a writ of habeas corpus.

---

[2] While these two questions have never been hitherto squarely decided by this court, the opinions in the *Alvarez* and *Buitrago* cases disclose that the practice (1) of making oral pronouncement of sentence and (2) of issuing a certified copy of the minutes for the commitment was followed in those cases and was not challenged as improper.

[3] The case of *Ex parte Germán,* 64 P.R.R. 378, is distinguishable. There we were interpreting a provision of law which specifically provides that the commitment in criminal contempt cases must be signed by the judge. Section 326 contains no such requirement.