[Crim. No. 5616.   Second Dist., Div. One.   Mar. 14, 1956.]

In re ARTHUR SHIVELL, on Habeas Corpus.

Arthur F. Larrabee for Appellant.

Roger Arnebergh, City Attorney, Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

DORAN, Acting P. J.—The applicant herein appeared in the municipal court charged with the violation of section 510 of the Vehicle Code.

The petition for the writ recites, "That on August 26, 1955, Arthur Shivell, the applicant herein was arraigned upon a charge of violation of section 510, Vehicle Code, to wit: traveling alleged 49 miles per hour in an alleged 35-mile zone. That the applicant plead guilty, and was fined $15, or 3 days, and that he forthwith paid into the hands of the clerk of said court the sum of $16 as and for payment in full of said fine. That the said clerk received into his hands without objection, the said entire sum of money, in payment thereof, which said sum was in silver coins of the United States, to wit: dimes, which said applicant had received in the course of a business operated by him, to wit: a coin-operated music machine route. That the said clerk said he would count the coins, to which the applicant agreed. That the said clerk was then and there assisted by two other clerks,

who carried on all clerkly duty whilst he was engaged as hereinafter set forth, and although in all, said applicant was thus detained upward of one hour, he did not busy himself with any other clerkly duty. That at a later part of the period, the clerk broke the wrappers in which the coins had been carried by said applicant, and commenced to count them, but that he did not complete counting them, although he was not busied at anything else. Seeing this, the said applicant twice voluntered, for the convenience and accommodation of the clerk, to take the coins to the bank, which was in the same block, to be exchanged into paper bills, but that the clerk refused to permit him to do so. That said applicant himself, later, counted the coins in the courtroom, and that there was, as there had been, the entire sum of $16 which was at all times in the hands of the clerk. That at the end of said period, the said clerk went to the judge and whispered to him, and that, at said time, the coins were in possession of the said clerk, in loose form, at the clerk's counter.

"That after the clerk had whispered to him, the two had whispered together and then the said judge upbraided the said applicant, stating that the applicant had falsely represented to the clerk that he had received the coins from the bank. That the applicant was not permitted to address the court, or to make any statement, but that the judge stated he would look into the matter, and that the applicant was now in the custody of the bailiff. That he was put into the prisoners room, where he remained for upward of ½ hour. That from the prisoners room, he was taken again into the courtroom before said judge, who took testimony from two of the clerks respecting said coins, directed solely to the question, whether or not the said applicant had said to the said clerk that he had received the coins from the bank. That the judge would not permit the said applicant to address the court, nor to ask any questions, nor to make any objections, nor to produce any evidence in his own behalf, nor to examine or cross-examine any of said clerks, and would not permit him to relate what had occurred, but stopped him from giving any testimony except his negative answer, and continued to admonish the applicant at each attempt to object, to keep still, to shut up. Then he stated that he believed the clerk, and that on that ground he vacated and set aside the aforesaid sentence of $15. or 3 days, and sentenced said applicant to 3 days imprisonment without alternative of fine, in the City Jail. That the said applicant was then, upon his argument

and objection to these proceedings, given a stay of execution until September 1, 1955, for business reasons, but that applicant was held approximately five hours, until bail of $105. was furnished on his behalf, in cash.

"That on August 31, 1955, the applicant moved said judge to set aside said sentence and to reinstate the original sentence. That the motion was denied, and that the applicant forthwith filed notice of appeal to the Appellate Department of the Superior Court, from the said second sentence and from the orders denying his motions. That thereafter the said applicant in propria persona duly filed a proposed statement on appeal, listing six grounds of appeal, and relating in substance, the material facts which had occurred in said courtroom, August 26, 1955.

"That at a hearing to settle the Statement on Appeal, held October 7, 1955, the said judge refused to allow full statement of the material facts which had occurred in said courtroom on August 26, 1955, to be included in the statement on appeal which was to be engrossed, and refused to state or to permit the applicant to know what matter he intended to put into the statement of facts in the statement on appeal which he, himself, would write and engross. That the judge further refused to include in the engrossed Statement on Appeal, the applicant's grounds of appeal.

"That the Statement on Appeal thereafter received by said applicant contained assertions as fact, which were not true, and of which no mention had been made by anyone in the presence of the applicant, on August 26, 1955, and which were not the subject of any statements in the presence of the said applicant on that date. That these were to the effect that the applicant had refused to allow the clerk to count the money which the said applicant had given to him, but that the applicant had demanded that the clerk accept the money as rolled, without counting it, and that the applicant had refused to wait for the money to be counted, thereby leaving the false impression that the said coins had remained in a rolled or wrapped condition, and that each and every such statement, assertion or inference was incorrect, and that, in other respects, the statement of facts contained in said Statement on Appeal was garbled and incorrect and incomplete. That the said applicant duly sent to the said judge, objections and exceptions to said Statement on Appeal, and asked hearing thereon before engrossment, but that the judge denied the

said objections and exceptions, and thereafter, without notice, engrossed said incorrect, garbled and incomplete Statement on Appeal. That said engrossed Statement on Appeal altered and changed the applicant's grounds of appeal, and eliminated material grounds therefrom.

"That because of the incorrect, garbled and incomplete statement of facts therein, and the elimination of the first ground of appeal as proposed, that material and indispensable facts were withheld from consideration by the said Appellate Department, and that as a result, the said Court, by a split decision, affirmed said judgment and sentence, with a dissenting opinion by the Honorable Frank G. Swain, a Judge of said Court, January 31, 1956. That the remittitur was transmitted to the said Municipal Court, February 9, 1956. That the said applicant was committed to the said City Jail by the said judge of the Municipal Court, February 15, 1956."

Petitioner, in person, appealed to the appellate department of the superior court which, by a split decision, affirmed the judgment.

It is pointed out by applicant that, "The statement on appeal which was engrossed by the court, notwithstanding the objections and exceptions which were timely made within five days, and before they Statement on Appeal was signed by the trial court, contained an incorrect and garbled and incomplete statement of facts, and contained matter which had not been mentioned by anyone on August 26, 1955, in the presence of the accused, and which incredibly portrayed the accused as having refused to permit the clerk to count the money, of insisting that he accept the coins wrapped, and of refusing to wait, when all of the physical facts which might have been adduced, showed to the contrary, and which also inferred that the coins had remained wrapped, when they had been out of wrappers for a considerable time, and which inferred that the accused had retained the coins in his possession, when, *in fact they had been in the hands of the clerk for the entire period, and were in the hands of the clerk when the statement of facts in the statement on appeal recounts that the court revoked the sentence of $15. or 3 days, and imposed the 3-day jail sentence.*

"The Appellate Department of the Superior Court was thus presented with a record which, as an appellate court, it could not go beyond, nor inquire into, nor vary." (Italics included.)

It is argued by applicant that, "The taking of any action by the trial court is a denial of due process and unconstitutional when such action is based upon; (A) secret testimony, (B) unsworn testimony, (C) failure to allow accused to make objection, or to examine or cross-examine, (D) or to allow accused to present evidence in his own behalf, (E) or to receive evidence in mitigation or aggravation except as provided in Secs. 1203 & 1204, Penal Code, or (F) evidence of any factors which bear no relation in time, place, or nature to mitigation or aggravation of the offense charged, or (G) failure to allow accused to have counsel of his own choice, and who will actually represent him, or (H) allowing accused or his counsel a reasonable time to prepare to defend a new charge, or (I) failing to vacate and set aside the plea of guilty when the trial court of its own motion, vacates a sentence and of its own motion, adds a new charge to the one on which the plea has been made."

That, "The minutes of the trial court show on their face that the sentence of fine was made and entered before the new sentence was imposed, and that upon such entry, the trial court lost jurisdiction in the cause, under the facts of this case." (*In re Gottschalk,* 47 Cal.App. 260 [190 P. 649]; *People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072].)

From a review of the record it is evident that petitioner should be released from custody. It is so ordered.

Fourt, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 11, 1956.